**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

CV125-100

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

APR 28 2025

FILED

**TAMEKA L. WALKER**,
Plaintiff,
v.
**DEPUTY MICHAEL MORTON (Badge #C833)**,
**DEPUTY JOSEPH HAWKINS (Badge #C223)**,
**CORPORAL BRYAN MEALING (Badge #B934)**,
**CORPORAL LESLIE GAITER (Badge #C72)** (formerly Deputy; currently Corporal), and
**RICHMOND COUNTY SHERIFF'S OFFICE**,
Defendants.

**Case No.: **

**COMPLAINT – §1983 CIVIL RIGHTS ACTION (Pro Se)**

**I. INTRODUCTION**

1. This is a civil rights action brought pursuant to 42 U.S.C. §1983 against the individual officers—Deputy Michael Morton, Deputy Joseph Hawkins, Corporal Bryan Mealing, and Corporal Leslie Gaiter—and the Richmond County Sheriff's Office (RCSO). Plaintiff Tameka L. Walker, representing herself pro se, alleges that Defendants violated her clearly established constitutional rights by engaging in a pattern of unconstitutional policing practices, including a pretextual stop executed in "pack" fashion, an immediate and unjustified K9 deployment used for training purposes, and an unlawful search conducted without probable cause. Moreover, Defendants fabricated evidence, engaged in malicious prosecution, and manipulated the evidentiary process.

2. At the time of Plaintiff's arrest, she was charged with felony drug possession of methamphetamine, felony drug possession of oxycodone, and a window tint violation. Although a

K9 unit had alerted to the presence of drugs, no marijuana charge was initially imposed – the marijuana charge was added three months later by the District Attorney. In an affidavit produced during discovery, Defendant Deputy Michael Morton stated that he relied on Drugs.com to identify oxycodone and admitted to classifying “approx 20 grams” of marijuana as a felony on the chain of custody document, contrary to Georgia law which requires 28 grams or more for a felony charge under O.C.G.A. § 16-13-30.

**II. FACTUAL ALLEGATIONS**

3. On September 13, 2023, at approximately 15:26, Plaintiff was stopped by officers of RCSO while en route for an alleged window tint violation. As Plaintiff was exiting the Holiday Market parking lot located at 1427 Windsor Spring Rd, she observed a coordinated “pack” approach with multiple patrol cars. Plaintiff contends this maneuver was not based on individualized suspicion but was part of a targeted, racially discriminatory operation.

4. Defendant Deputy Morton initiated Plaintiff’s detention without first addressing the alleged tint violation or establishing reasonable suspicion, and soon after, a K9 unit was deployed—prior to any legitimate law enforcement action regarding the tint violation—indicating that the primary purpose of the stop was to search for drugs. During the detention, Plaintiff’s purse was unlawfully searched in direct violation of Arizona v. Gant, 556 U.S. 332 (2009).

5. As part of the investigation into the window tint violation, body cam footage recorded at 15:48:08 shows that Deputy Michael Morton measured the window tint at 17% at the top of the window. Plaintiff challenges the validity and reliability of this measurement, arguing that measuring solely at the top does not follow the standardized methodology required to accurately assess overall tint levels. See State v. Scott. Plaintiff further contends that even if the 17% reading is accurate at that specific location, it may not represent the tint level of the entire window, nor does it establish a basis for the stop under applicable Georgia law. See People v. Bacquie.

6. The entire incident unfolded in the presence of Plaintiff’s two minor daughters, ages 16 and 7 at the time. While the situation was taking place, Plaintiff’s 16-year-old daughter began recording the event using her cell phone when Deputy Morton placed Plaintiff into handcuffs.

7. On that recording, Defendant Deputy Joseph Hawkins is seen asking the 16-year-old daughter for her age, following which he proceeded to inform her that Plaintiff was being arrested for cocaine possession—a statement that was factually false. Plaintiff asserts that Deputy Hawkins' conduct in making such a false allegation to a minor was not only grossly unprofessional but also served to humiliate Plaintiff in front of her children.

8. Plaintiff contends that the false accusation made by Deputy Hawkins—and the humiliation suffered by witnessing her arrest—has irrevocably altered her daughters' view of her as their mother. The emotional and psychological harm inflicted on the children by witnessing police misconduct and erroneous statements has caused irreversible damage to the parent-child relationship, as supported by Danielle J. Pittsley v. Sergeant Philip Warish.

9. After an appointment with her public defender on January 6, 2025, Plaintiff reviewed the complete body cam footage for the first time. On January 17, 2025, the underlying criminal case was dismissed via nolle prosequi with the remarks "Interest of justice satisfied w/o further adjudication." This dismissal confirms that the prosecution recognized the baseless nature of the charges and supports Plaintiff's claim that the unlawful arrest and subsequent charges were entirely unfounded.

**III. REMEDIES FOR UNLAWFUL CONDUCT AND EXPUNGEMENT OF RECORD**

10. Defendant Deputy Morton's misclassification of approximately 20 grams of marijuana as a felony has resulted in an excessive bond, increased the risk of a prolonged sentence, and inflicted severe reputational harm on Plaintiff. Additionally, the truncated body cam footage obstructs Plaintiff's ability to fully prove the unconstitutional nature of her detention.

11. Plaintiff further asserts that the unlawful charges, false arrest, and the subsequent dismissal "in the interest of justice" have rendered her arrest record inaccurate and misleading. Pursuant to O.C.G.A. § 35-3-37, which permits an individual to request that criminal records be purged, modified, or supplemented when they are inaccurate or incomplete, Plaintiff demands that her arrest record be expunged of all unlawful charges related to this incident. The nolle prosequi dismissal and the remark "Interest of justice satisfied"

constitute a favorable termination of the case and demonstrate that the charges were baseless, thereby justifying the expungement of her record. The body cam footage and other evidence corroborate the unlawfulness of the arrest.

**IV. EMOTIONAL AND PSYCHOLOGICAL HARM TO MINOR CHILDREN**

12. Plaintiff reiterates that the entire episode was witnessed by her two minor daughters, whose ages at the time were 16 and 7. The traumatic experience of witnessing their mother being handcuffed, coupled with the 16-year-old daughter's recording and the subsequent false proclamation by Deputy Hawkins that Plaintiff was being arrested for cocaine possession, has inflicted severe emotional distress upon the children.

13. Such conduct not only violated Plaintiff's constitutional rights but also infringed upon the inherent rights of the children to be free from witnessing acts of police misconduct. This irreversible damage to their perception of their mother will have long-term adverse consequences on their emotional well-being and the parent-child relationship.

**V. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tameka L. Walker, pro se, respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

A. Issue a declaration that Defendants' actions—including, but not limited to, the pretextual stop, racial profiling, unlawful search, reliance on an unreliable Drugs.com identification process, fabrication and misclassification of evidence, use of an unstandardized window tint measurement method, and spoliation resulting in incomplete body cam recordings—violated Plaintiff's Fourth, Fourteenth, and First Amendment rights;

B. Overcome the defense of official immunity by determining that the conduct of Defendants was deliberate and malicious, thereby rendering them individually and the RCSO vicariously liable under Monell;

C. Order that all evidence and testimony derived from the incomplete body cam footage and the disputed window tint

measurement be suppressed;

D. Compel Defendants to produce a complete copy of RCSO's body-worn camera and data retention policies (Exhibit B) and all documentation regarding standard procedures for window tint measurement;

E. Award compensatory damages to Plaintiff for false arrest, emotional distress, reputational harm, and all financial and economic losses incurred as a result of Defendant actions, including the imposition of an excessive bond;

F. Award punitive damages sufficient to deter future misconduct by state actors and to redress the deliberate constitutional violations, including those that inflicted irreversible harm on Plaintiff and her minor children;

G. Order that the dismissal of the criminal charges via nolle prosequi, with the remarks "Interest of justice satisfied w/o further adjudication," be recognized as a favorable termination of the prosecution, thereby vindicating Plaintiff's rights;

H. **Expungement Remedy:** Direct the Court to recommend or order the Richmond County Sheriff's Office and all other relevant agencies to expunge Plaintiff's arrest record of all unlawful charges associated with this incident. Plaintiff further asserts that, under O.C.G.A. § 35-3-37, her criminal record is now inaccurate and misleading due to the dismissal of charges, and that immediate record restriction is necessary to remedy the stigma and ongoing harm caused by the unlawful arrest;

I. Award Plaintiff her costs and reasonable attorney's fees pursuant to 42 U.S.C. §1988; and

J. Grant such other and further relief as the Court deems just and proper.

Dated: April 28th, 2025

Respectfully submitted,

Tameka L. Walker
Pro Se Plaintiff
2523 Teakwood Dr
Hephzibah, GA 30815
Phone: 762-989-4430

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint was served on all Defendants via [certified mail/electronic filing method] on April 28th, 2025.

Tameka L. Walker, Pro Se Plaintiff
```
```