IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TAMEKA L. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 125-100 |
| ) | |
| DEPUTY MICHAEL MORTON; ) | |
| DEPUTY JOSEPH HAWKINS; ) | |
| CORPORAL BRYAN MEALING; ) | |
| CORPORAL LESLIE GAITER; ) | |
| RICHMOND COUNTY SHERIFF'S OFFICE; ) | |
| SHERIFF EUGENE BRANTLEY; and ) | |
| RICHARD ROUNDTREE, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above captioned case. Because Plaintiff is proceeding IFP, her complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*). Plaintiff has complied with the Court's prior order to file an amended complaint. (See doc. nos. 4, 6.)

**I.      Screening the Amended Complaint**

Plaintiff names as Defendants the following current and former Richmond County law enforcement officers in relation to a traffic stop on September 13, 2023, which resulted in her arrest: (1) Deputy Michael Morton; (2) Deputy Joseph Hawkins, (3) Corporal Bryan Mealing; (4) Corporal Leslie Gaiter; (5) Sheriff Eugene Brantley; and (6) former Sheriff Richard Roundtree. (Doc. no. 6, p. 1.) Plaintiff does not identify the capacity in which she sues each Defendant,

but she does specifically state she is suing Sheriff Brantley in his official capacity and Richard Roundtree in his individual capacity. (Id. at 1-2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

At 3:25 p.m., on September 13, 2023, Defendant Morton conducted a traffic stop in a residential area with no history of drug activity based on a fabricated window tint violation on Plaintiff's vehicle. (Id. at 2.) Three minutes after initiation of the stop, Defendant Mealing ordered a K-9 sniff of Plaintiff's vehicle for no reason other than to "keep the dogs trained" and directed the K-9 sniff to be "quick" because Plaintiff, an African American, "looks angry." (Id. at 1-3.) Deputy Hawkins deployed a K-9 that was not certified to conduct searches and concealed the dog's failure to alert on Plaintiff's vehicle. (Id. at 3.) Defendant Morton did not issue the window tint citation until approximately one-half hour after initiation of the traffic stop, and the delay was purposefully done to allow for the K-9 sniff that led to Plaintiff's arrest in front of her minor children. (Id. at 3, 5; doc. no. 6-7, p. 5.)

Defendant Morton misidentified the drugs found during the traffic stop and after the stop, increased the weight of the drugs to move the charge from a misdemeanor to a felony. (Id.) Defendant Gaiter approved of the altered reporting of the evidence discovered during the traffic stop. (Id. at 2, 3.) Plaintiff was eventually charged in the Superior Court of Richmond County with three counts of drug possession and one count of a window tint violation.[1] (Doc. no. 6-7, pp. 2-4.) All charges were dismissed by virtue of a nolle prosequi order entered with the notation, "Interests of Justice satisfied w/o further adjudication." (Id. at 1, 7.)

---

[1] Plaintiff was originally cited for a front window tint violation, (doc. no. 6-7, p. 5), but was later charged with a rear windshield or door window tint violation, (id. at 4).

As Sheriff, Defendant Brantley has refused to properly police falsified, post-arrest reporting, including the specific actions of Defendant Gaiter, with appropriate policies, supervision, or training. (Doc. no. 6, p. 4.) Defendant Roundtree, when he was Sheriff, should not have promoted Defendant Gaiter to the position of Corporal prior to Plaintiff's arrest, thereby allowing him to approve Plaintiff's falsified arrest report, because Defendant Gaiter had a history of citizen complaints against him. (Id. at 5; doc. no. 6-2.)

Plaintiff seeks monetary damages against Defendants Morton, Mealing, Hawkins, Gaiter, and Roundtree, for violating her constitutional rights because she was unlawfully stopped and had her vehicle searched based on her race, and she was falsely charged and prosecuted based on fabricated evidence. (Doc. no. 6, pp. 1, 5.) She also seeks damages based on supplemental state law claims for malicious prosecution and intentional infliction of emotional distress. (Id. at 1, 5.) Further, Plaintiff seeks injunctive relief regarding the alleged racial profiling and evidence falsification by Richmond County deputies, and she seeks disciplinary action against deputies with repeated citizen complaints brought against them. (Id. at 5.)

Liberally construing Plaintiff's allegations in her favor and granting her the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has arguably stated viable § 1983 claims pursuant to the Fourth and Fourteenth Amendments against Defendants Morton, Hawkins, Mealing, and Gaiter, as well as against Defendant Brantley in his official capacity. See Rodriguez v. United States, 575 U.S. 348, 350-51 (2015); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Gervin v. Florence, 139 F.4th 1236, 1247-48 (11th Cir. 2025); Johnson v. Nocco, 91 F.4th 1114, 1118 (11th Cir. 2024). At this early stage of the case, the Court will exercise it supplemental jurisdiction to permit the state law

3

claims to remain in the case.² By separate Report and Recommendation, the Court recommends dismissal of Defendant Roundtree and formerly-named Defendant Richmond County Sheriff's Office.

## II.     Instructions

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendants Morton, Hawkins, Mealing, Gaiter, and Brantley. The United States Marshal shall mail a copy of the amended complaint, (doc. no. 6), and this Order by first-class mail and request that Defendants waive formal service of the summons.³ Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary expenses of serving the summons, and a defendant who fails to sign and return a waiver without good cause must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the amended complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). Service must be effected within ninety days of the date of this Order, and the failure to do so may result in the

---

²Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." Id. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

³There are paper exhibits attached to the amended complaint at docket entry six, but it is not clear the exhibits were docketed by the Clerk of Court in the same manner in which Plaintiff labeled them in her amended complaint. (Cf. doc. no. 6, p. 6 with doc. nos. 6-1 through 6-7.) In screening the amended complaint, the Court cites to the docket and page numbers assigned by the Court's CM/ECF filing system. There is also a notice of manual filing of a CD of bodycam footage that was not docketed as part of the amended complaint and is not cited as part of the Court's screening but is available for review from the Clerk of Court. (See doc. no. 5.)

dismissal any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate each Defendant to effect service.

**IT IS FURTHER ORDERED** Plaintiff shall serve upon the defendants, or upon their defense attorney(s) if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendant(s) or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendants. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit her deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. The defendants shall ensure Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.[4]

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

---

[4]The Local Rules and commonly used Forms may be found on the Court website at www.gasd.uscourts.gov/.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the amended complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, she should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, she should also file a statement certifying that she has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve her response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a

motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that she will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the amended complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if she desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 18th day of July, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA