IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TAMEKA L. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-100 |
| | ) | |
| DEPUTY MICHAEL MORTON; | ) | |
| DEPUTY JOSEPH HAWKINS; | ) | |
| CORPORAL BRYAN MEALING; | ) | |
| CORPORAL LESLIE GAITER; | ) | |
| RICHMOND COUNTY SHERIFF'S OFFICE; | ) | |
| SHERIFF EUGENE BRANTLEY; and | ) | |
| RICHARD ROUNDTREE, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above captioned case. Because Plaintiff is proceeding IFP, her complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*). Plaintiff has complied with the Court's prior order to file an amended complaint. (See doc. nos. 4, 6.)

**I.    Screening the Amended Complaint**

    **A.    Background**

Plaintiff names as Defendants the following current and former Richmond County law enforcement officers in relation to a traffic stop on September 13, 2023, which resulted in her arrest: (1) Deputy Michael Morton; (2) Deputy Joseph Hawkins, (3) Corporal Bryan Mealing; (4) Corporal Leslie Gaiter; (5) Sheriff Eugene Brantley; and (6) former Sheriff Richard Roundtree.

(Doc. no. 6, p. 1.) Plaintiff does not identify the capacity in which she sues each Defendant, but she does specifically state she is suing Sheriff Brantley in his official capacity and Richard Roundtree in his individual capacity. (Id. at 1-2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

At 3:25 p.m., on September 13, 2023, Defendant Morton conducted a traffic stop in a residential area with no history of drug activity based on a fabricated window tint violation on Plaintiff's vehicle. (Id. at 2.) Three minutes after initiation of the stop, Defendant Mealing ordered a K-9 sniff of Plaintiff's vehicle for no reason other than to "keep the dogs trained" and directed the K-9 sniff to be "quick" because Plaintiff, an African American, "looks angry." (Id. at 1-3.) Deputy Hawkins deployed a K-9 that was not certified to conduct searches and concealed the dog's failure to alert on Plaintiff's vehicle. (Id. at 3.) Defendant Morton did not issue the window tint citation until approximately one-half hour after initiation of the traffic stop, and the delay was purposefully done to allow for the K-9 sniff that led to Plaintiff's arrest in front of her minor children. (Id. at 3, 5; doc. no. 6-7, p. 5.)

Defendant Morton misidentified the drugs found during the traffic stop and after the stop, increased the weight of the drugs to move the charge from a misdemeanor to a felony. (Id.) Defendant Gaiter approved of the altered reporting of the evidence discovered during the traffic stop. (Id. at 2, 3.) Plaintiff was eventually charged in the Superior Court of Richmond County with three counts of drug possession and one count of a window tint violation.[1] (Doc. no. 6-7, pp. 2-4.) All charges were dismissed by virtue of a nolle prosequi order entered with the notation, "Interests of Justice satisfied w/o further adjudication." (Id. at 1, 7.)

---

[1] Plaintiff was originally cited for a front window tint violation, (doc. no. 6-7, p. 5), but was later charged with a rear windshield or door window tint violation, (id. at 4).

2

As Sheriff, Defendant Brantley has refused to properly police falsified, post-arrest reporting, including the specific actions of Defendant Gaiter, with appropriate policies, supervision, or training. (Doc. no. 6, p. 4.) Defendant Roundtree, when he was Sheriff, should not have promoted Defendant Gaiter to the position of Corporal prior to Plaintiff's arrest, thereby allowing him to approve Plaintiff's falsified arrest report, because Defendant Gaiter had a history of citizen complaints against him. (Id. at 5; doc. no. 6-2.)

Plaintiff seeks monetary damages against Defendants Morton, Mealing, Hawkins, Gaiter, and Roundtree, for violating her constitutional rights because she was unlawfully stopped and had her vehicle searched based on her race, and she was falsely charged and prosecuted based on fabricated evidence. (Doc. no. 6, pp. 1, 5.) She also seeks damages based on supplemental state law claims for malicious prosecution and intentional infliction of emotional distress. (Id. at 1, 5.) Further, Plaintiff seeks injunctive relief regarding the alleged racial profiling and evidence falsification by Richmond County deputies, and she seeks disciplinary action against deputies with repeated citizen complaints brought against them. (Id. at 5.)

 B. **Discussion**

  1. **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson

3

v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.   Plaintiff No Longer Brings Any Claims Against the Richmond County Sheriff's Office

As the Court previously explained, (doc. no. 4, p. 5), Plaintiff's amended complaint supersedes and replaces in its entirety the previous pleading filed by Plaintiff.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  Plaintiff originally named the Richmond County Sheriff's Office as a Defendant.  (See doc. no. 1.)  However, Plaintiff's amended complaint no longer names that entity as a Defendant and does not make any allegations associating the sheriff's office as an entity with a purported constitutional violation.  (See generally doc. no. 6.)  Dismissal is therefore appropriate.  See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); see also Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (*per curiam*) (collecting cases for proposition sheriff's and police departments not generally considered legal entity subject to suit); Herrington v. Effingham Cnty. Sheriff's Office, CV 411-099, 2011 WL 2550464, at *1 (S.D. Ga. Apr, 21, 2011) ("However, [Plaintiff] cannot sue the sheriff's department because it is not capable of being sued." (citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) and collected cases)), *adopted by* 2011 WL 2550459 (S.D. Ga. June 27, 2011).  Therefore, the Richmond County Sheriff's Office should be dismissed.

### 3. Plaintiff Cannot Hold Former Sheriff Richard Roundtree Liable By Virtue of His Supervisory Position

Plaintiff sues former Sheriff Richard Roundtree in his individual capacity on the theory he should not have promoted Defendant Gaiter in 2022, thereby putting him in a position to carry out the alleged constitutional violations regarding altered reporting of the evidence discovered during the traffic stop used against Plaintiff in 2023, because of the numerous citizen complaints brought against him. (Doc. no. 6, p. 5; doc. no. 6-2.)

"Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold former Sheriff Roundtree liable, Plaintiff must demonstrate that he (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff appears to name former Sheriff Roundtree as a Defendant not because of his

direct involvement in the events about which she complains concerning the September 13th traffic stop, but by virtue of his supervisory position which allowed him to promote Defendant Gaiter. Nowhere does Plaintiff allege Defendant Roundtree was present for, or participated in, the substantive events on September 13th and subsequent prosecution about which Plaintiff complains.

Therefore, Plaintiff must allege a causal connection between Defendant Roundtree and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, Plaintiff complains Defendant Roundtree's action of promoting Defendant Gaiter despite numerous complaints against him allowed Defendant Gaiter to be in a position on September 13th to carry out his allegedly improper acts. However, there is no allegation

7

Defendant Roundtree knew promoting Defendant Gaiter posed a pervasive and unreasonable risk of taking the actions now alleged concerning an impermissible traffic stop and subsequent mishandling and/or misreporting evidence. Although Plaintiff has attached as exhibits to her complaint multiple Standard Complaint Forms against Defendant Gaiter, those allegations were routinely determined to be "not sustained," and "unfounded," and there is no indication Defendant Roundtree knew about the Standard Complaint Forms or was responsible for investigating the allegations contained therein. (See, e.g., doc. no. 6-2, pp. 2, 4, 6, 7, 10, 11, 12, 16, 18, 20, 21, 26, 27, 29, 31.) Nor does Plaintiff allege Defendant Roundtree had a custom or policy of promoting officers with multiple incidents of prior misconduct (substantiated or not) or otherwise allowing a supervisory officer like Defendant Gaiter to carry out the purportedly unconstitutional actions. Thus, the complaint does not allege the requisite causal connection, and Defendant Roundtree should be dismissed. See Henley v. Payne, 945 F.3d 1320, 1331-32 (11th Cir. 2019).

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant Richmond County Sheriff's Office and Defendant Roundtree be **DISMISSED** for failure to state a claim upon which relief may be granted. By separate Order, the Court has directed service of process on the remaining Defendants.

SO REPORTED and RECOMMENDED this 18th day of July, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA