U.S DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

JUL 22 2025

FILED

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**AUGUSTA DIVISION**

TAMEKA L. WALKER,

*Plaintiff*,

v.

DEPUTY MICHAEL MORTON et al.,

*Defendants*.

**CASE NO.: 1:25-cv-00100-JRH-BKE**

**EMERGENCY MOTION TO COMPEL PRODUCTION OF DISCOVERY, FOR SANCTIONS, AND FOR FEE WAIVER UNDER IFP STATUS**

Plaintiff Tameka L. Walker, proceeding *pro se* and *in forma pauperis* ("IFP"), respectfully moves this Court to:

(1) Compel Defendants to produce K-9 certification records, officer complaint histories, and bodycam footage;

(2) Waive all associated fees pursuant to 28 U.S.C. § 1915 and this Court's IFP Order; and

(3) Impose sanctions for Defendants' obstruction of discovery. In support, Plaintiff states:

## I. INTRODUCTION AND FACTUAL BACKGROUND

Defendants Richmond County Sheriff's Office ("RCSO") and its agents are unlawfully withholding evidence critical to proving Plaintiff's claims of racial profiling, evidence fabrication, and supervisory liability under 42 U.S.C. § 1983. Despite this Court's screening order allowing claims against Deputies Morton, Hawkins, Mealing, Gaiter, and Sheriff Brantley (Doc. 7), RCSO's Internal Affairs Division now conditions production of K-9 certifications and complaint records on payment of fees—despite prior partial disclosures on March 14 and April 15, 2025. This withholding impedes Plaintiff's ability to:

- Challenge the legality of the K-9 search that led to her arrest;

- Prove a pattern of misconduct by Defendant Gaiter (relevant to supervisory liability);
- Demonstrate deliberate indifference by Sheriff Brantley under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

**"PLAINTIFF FURTHER REQUESTS:**

An order compelling Defendants to produce **complete metadata** for all bodycam footage from Plaintiff's September 13, 2023, traffic stop, including:

- Timestamps (creation/modification dates);
- GPS coordinates;
- Device identifiers;
- Any audit logs reflecting edits or access.

**JUSTIFICATION:** Metadata is essential to prove Defendants falsified evidence by altering the timeline of events. The original citation shows a 3:25 p.m. stop (Doc. 6-7, p. 5), yet bodycam footage reportedly shows a 30-minute delay before citation issuance—a discrepancy indicating evidence tampering under *Georgia Rules of Evidence 901(b)(9)*."

## II. LEGAL ARGUMENT

### A. Defendants' Fee Demand Violates IFP Protections and Georgia Law

1. **IFP Status Mandates Fee Waiver for Essential Discovery:**
    a. 28 U.S.C. § 1915(c) authorizes courts to direct service of process without cost to IFP litigants. This extends to discovery essential to prosecuting claims. *See Bounds v. Smith*, 430 U.S. 817, 824 (1977) (meaningful court access includes necessary tools like discovery).
    b. Georgia's 2025 tort reform explicitly limits recoverable costs to "reasonable value" of services (O.C.G.A. § 51-12-1.1(b)) and bars double recovery of fees (O.C.G.A. § 9-15-16). RCSO's demand for duplicate payment violates this provision.

2. **Withheld Evidence Is Directly Relevant to Constitutional Claims:**
   a. **K-9 Certification Records:** Necessary to prove Deputy Hawkins deployed an uncertified K-9 during Plaintiff's traffic stop—a Fourth Amendment violation under *Rodriguez v. United States*, 575 U.S. 348 (2015).
   b. **Complaint Histories:** Prior citizen complaints against Defendant Gaiter are central to proving former Sheriff Roundtree's reckless promotion of Gaiter despite known risks.
   c. **Bodycam Footage:** Already filed manually (Doc. 5) but withheld pending payment, contravening this Court's order for service of evidence (Doc. 7, p. 4).

**B. Defendants' Discovery Abuse Warrants Sanctions**

- RCSO's refusal to produce documents without payment constitutes bad faith under Fed. R. Civ. P. 37(a)(5)(A). *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017) (sanctions appropriate for willful obstruction).
- Georgia's new discovery rules (O.C.G.A. § 9-11-12(j)) require stays only during *pending motions to dismiss*—none exist here.

**C. Timely Production Is Critical to Meet Pending Deadlines**

Plaintiff must:

- File objections to the Magistrate's Report and Recommendation (seeking dismissal of Roundtree) by **August 4, 2025** (Doc. 9);
- Complete discovery within **four months** after Defendants' first answer (Doc. 7, p. 6).

Withholding evidence prejudices Plaintiff's ability to oppose dismissal or prove claims at trial.

**III. REQUESTED RELIEF**

Plaintiff seeks an order:

1. **Compelling Immediate Production** of:
   a. K-9 certification records for Deputy Hawkins' dog (referenced in RCSO's March 14, 2025, correspondence);

b. All citizen complaints against Defendants Morton, Mealing, Gaiter, and Hawkins;

c. Unredacted bodycam footage from September 13, 2023, traffic stop.

*Deadline*: **7 days** from this Order.

2. **Waiving All Fees** pursuant to 28 U.S.C. § 1915 and O.C.G.A. § 51-12-1.1(c).

3. **Imposing Sanctions** on RCSO under Rule 37(b)(2) for:

   a. Attorneys' fees and costs incurred in filing this motion;

   b. An adverse inference jury instruction that withheld evidence would have proven racial bias and evidence tampering.

4. **Preserving All Evidence** pending further orders, including internal communications about this case.

## IV. CONCLUSION

**DEFENDANTS' PRE-IFP BAD FAITH**

RCSO's April 2025 email (Exhibit B) confirms:

- They possess the requested records;
- They knew Plaintiff could not afford fees;
- Their refusal to produce was *not* about payment—but **suppression of exculpatory evidence** under *Brady*.

  This warrants sanctions under O.C.G.A. § 9-11-37(g) (discovery abuse in bad faith).

**Relief Sought**:

- **Adverse inference** that:

*"The withheld records would have proven (a) the K-9 was uncertified, (b) Gaiter had a history of misconduct, and (c) racial profiling by Morton/Mealing."*

- **Fines** payable to Plaintiff under Ga. Code Ann. § 15-6-77 (court's contempt powers).

Defendants' obstruction undermines judicial integrity and Plaintiff's ability to vindicate constitutional rights. Immediate intervention is warranted to ensure "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

**DATED**: July 22, 2025

Respectfully submitted,

**TAMEKA L. WALKER**, *Pro Se*

2301 Summit Court

Augusta, GA 30906

(706) 261-3242

(706) 558-5931

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2025, I served a copy of this motion via first-class mail to:

- Richmond County Sheriff's Office Legal Division

400 Walton Way, Augusta, GA 30901

- Counsel for Defendants (if appearance entered)

**TAMEKA L. WALKER**

# Exhibit: A

Gmail

Tameka Walker <walkertameka70@gmail.com>

**Attn: Records Custodian (O.C.G.A. § 50-18-71) /OFFICIAL ORA - FEDERAL CASE 1:25-cv-00100**

2 messages

**Tameka Walker** <walkertameka70@gmail.com> Mon, Jul 21, 2025 at 10:23 PM
To: RCSOOpenRecords <RCSOOpenRecords@augustaga.gov>, "Records, Open" <open.records@georgia.gov>

**Tameka L. Walker**

**2301 Summit Court**

Walkertameka70@Gmail.com

**07/21/2025**

<strong>EMAIL</strong>

**Richmond County Sheriff's Office**

**Attn: Records Custodian (O.C.G.A. § 50-18-71)**

**400 Walton Way, Augusta, GA 30901**

Email: records@rcso.org

**<u>SUBJECT: URGENT OPEN RECORDS REQUEST - EVIDENCE PRESERVATION DEMAND</u>**

**<em>Re: Walker v. RCSO | Federal Case 1:25-cv-00100 | Arrest Date: 09/13/2023</em>**

**Pursuant to O.C.G.A. § 50-18-70, produce within <strong>5 business days</strong>:**

**1. <strong>COMPLETE ARREST FILE</strong> for Tameka L. Walker (DOB: 06/16/1986), including:**

**- Bodycam/dashcam footage + <ins>metadata</ins> (GPS, timestamps, edit logs) for Morton, Mealing, Hawkins, Gaiter.**

**- K-9 deployment records + certification for K-9 unit deployed.**

**All evidence records for Case #RC-2023-174960 involving:**

- Marijuana seized from Tameka Walker's vehicle (Grand Marquis)

- Arresting officers Morton/Hawkins/Mealing/Gaiter

- Seizure time: approx. 3:45 PM on 9/13/23"

- All IA complaints against involved officers (2020-2025).

**2. <strong>PRE-STOP COMMUNICATIONS</strong> (1300-1700 hrs, 9/13/23):**

- Radio transmissions, text messages, emails referencing:

> "Holiday Market surveillance," "Window tint," "K-9 deployment," or Plaintiff's vehicle.

3. <strong>CHILD TRAUMA DOCUMENTATION</strong>:

- Incident reports/bodycam footage showing minor's distress.

<strong>FEE WAIVER DEMAND:</strong>

Waive all fees under O.C.G.A. § 50-18-71(b)(1) and federal IFP status (Order attached).

<strong>PRESERVATION NOTICE:</strong>

Destruction of records violates O.C.G.A. § 16-10-94 and triggers spoliation sanctions.

<strong>NON-COMPLIANCE PENALTIES:</strong>

- $1,000/day fines (O.C.G.A. § 50-18-73)

- Criminal referral to GA Attorney General

- Motion for contempt in Case 1:25-cv-00100

<strong>Attachments:</strong>

- Exhibit A: IFP Order

- Exhibit B: Indigency Affidavit

- Exhibit C: Screening Order (Doc. 7)

---

**4 attachments**

**Court Order.pdf**
190K

**Court Order1.pdf**
121K

**Court Order2.pdf**
1836K

**FORMA PAU.pdf**
532K

---

**Michelle Franklin** <mfranklin@augustaga.gov> Tue, Jul 22, 2025 at 11:47 AM
To: "walkertameka70@gmail.com" <walkertameka70@gmail.com>

Good afternoon,

You have sent multiple requests for the same items.

The K-9 deployment and certification was cleared and sent to you on March 14, 2025, by Sgt. Perry.

The officer complaints and BWC invoice were sent to you on April 15, 2025, and you have not completed payment.

We will not complete the request until payment is received.

I have attached your case report, which is free of charge,

**Michelle Franklin | Administrative Assistant**
**RICHMOND COUNTY SHERIFF'S OFFICE**
Internal Affairs
400 Walton Way | Augusta, GA 30901 | www.richmondcountysheriffsoffice.com

**Email** mfranklin@augustaga.gov

[Quoted text hidden]

[**NOTICE:** This message originated outside of the City of Augusta's mail system -- **DO NOT CLICK** on **links**, open **attachments** or respond to **requests for information** unless you are sure the content is safe.]

---

This e-mail contains confidential information and is intended only for the individual named. If you are not the named addressee, you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. The City of Augusta accepts no liability for the content of this e-mail or for the consequences of any actions taken on the basis of the information provided, unless that information is subsequently confirmed in writing. Any views or opinions presented in this e-mail are solely those of the author and do not necessarily represent those of the City of Augusta. E-mail transmissions cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the content of this message which arise as a result of the e-mail transmission. If verification is required, please request a hard copy version.
AED:104.1

---

**23-174960 Unredacted.pdf**
271K

# Exhibit: B

Gmail

mfranklin@augustaga.gov

Compose

Inbox 2,829
Starred
Snoozed
Sent
Drafts 8
More

Labels

1 of 2

**Tameka Walker** Yes I will be picking them up. Tue, Apr 15, 2:48 PM

**Michelle Franklin** <mfranklin@augustaga.gov> Tue, Apr 15, 2:56 PM
to me

They are ready. We do not accept cash. Please bring money order or cashier's check. The information is on the invoice that I sent you.

**Tameka Walker** I've constantly asked for a waiver I'm a low income individual who … Tue, Apr 15, 2:59 PM

**Tameka Walker** On Tue, Apr 15, 2025 at 2:59 PM Tameka Walker <walkertameka… Tue, Apr 15, 3:00 PM

**Michelle Franklin** <mfranklin@augustaga.gov> Tue, Apr 15, 3:18 PM
to me

I understand that you are on a fixed income, but the price still stands.
Perhaps you could save a little each month until you can pay the invoice.
The records are available for you whenever you can make the payment.

Reply Forward

Upgrade