IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TAMEKA L. WALKER,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY MICHAEL MORTON;<br>DEPUTY JOSEPH HAWKINS;<br>CORPORAL BRYAN MEALING;<br>CORPORAL LESLIE GAITER;<br>RICHMOND COUNTY SHERIFF'S OFFICE;<br>SHERIFF EUGENE BRANTLEY; and<br>RICHARD ROUNDTREE,<br><br>Defendants. | ) | CV 125-100 |

**O R D E R**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above captioned case. Because Plaintiff is proceeding IFP, the Court screened her amended complaint on July 18, 2025, and directed the United States Marshal to serve Defendants Morton, Hawkins, Mealing, Gaiter, and Brantley. (See doc. no. 7.) As the Court explained in that Order, service must be accomplished within ninety days of July 18th, and a Defendant who timely returns a waiver of service does not have to respond to the amended complaint until sixty days after the date the Marshal mails the request for waiver. (See id. at 4.) The docket does not reflect that service has been accomplished on any Defendant, let alone that the time to respond to the amended complaint has expired.

The matter is now before the Court because four days after the Court directed service of process, Plaintiff filed a discovery motion demanding the production of discovery, the imposition

of discovery sanctions, and a waiver of fees associated with obtaining discovery documents. (Doc. no. 10.) The filing does not contain a certificate of service, as is required by Local Rule 5.1 and as was explained in the Court's July 18 Order, (doc. no. 7, p. 5), showing that her motion was served on Defendants or upon defense counsel.[1] Indeed, service has not yet been accomplished, and consequently no answer has been filed or notice of appearance made. Because no Defendant has appeared, the discovery period as provided for under the Local Rules has not yet commenced. See Loc. R. 26.1. Thus, Plaintiff's discovery motion, and all attendant demands for sanctions and immediate production in accordance with her requests, are at best premature.

Even if the motion were not premature, it does not contain, as is required by Local Rule 26.5, a statement that Plaintiff has made a good faith effort to resolve this discovery dispute. Plaintiff was also informed of this requirement in the Court's July 18th Order. (Doc. no. 7, p. 6.) Failure to comply with the Local Rules may result in summary denial of a motion. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979).[2] Moreover, demanding that a person or entity with information Plaintiff seeks must accede to her every request for production on a timeline that is not in compliance with the Federal Rules of Civil Procedure "can hardly be considered to qualify as a good faith effort to confer and attempt to resolve a dispute." Whitesell Corp. v. Electrolux Home Prods., Inc., CV 103-050, 2015 WL 5316591, at *5 (S.D. Ga. Sept. 10, 2015) (collecting cases). For all these reasons, the Court **DENIES** Plaintiff's motion to compel. (Doc. no. 10.)

---

[1]Rather, the certificate of service states Plaintiff served her motion on the "Richmond County Sheriff's Office Legal Division," a non-party that has not appeared on behalf of any Defendant, and "Counsel for Defendants (if appearance entered)." (Doc. no. 10, p. 5.) As noted above, no notice of appearance has been entered, and if it had, Plaintiff must identify who she serves.

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

The Court reminds Plaintiff she must familiarize herself with the rules of this Court because all litigants, including those proceeding *pro se*, must comply. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* litigant is in court, [s]he is subject to the relevant law and rules of court."). Information for litigants proceeding without an attorney may be found on the Court's website at www.gasd.uscourts.gov, under the tab "Filing Without an Attorney."

SO ORDERED this 25th day of July, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA