**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| TAMEKA WALKER,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY MICHAEL MORTON;<br>DEPUTY JOSEPH HAWKINS;<br>CORPORAL BRYAN MEALING;<br>CORPORAL LESLIE GAITER;<br>RICHMOND COUNTY SHERIFF'S OFFICE;<br>SHERIFF EUGENE BRANTLEY; and<br>RICHARD ROUNTREE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV 125-100 |

**<u>DEFENDANTS' SPECIAL APPEARANCE RESPONSE IN OPPOSITION TO PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION FOR PROTECTIVE ORDER</u>**

COMES NOW Defendants Michael Morton, Joseph Hawkins, Bryan Mealing, Leslie Gaiter, and Eugene Brantley (collectively, "Defendants"), appearing specially without waiver of any defenses, and submit this Response in Opposition to Plaintiff's Affidavit in Support of Motion for Protective Order and show the following:

## BACKGROUND

Plaintiff Tameka Walker ("Plaintiff") filed her initial Complaint on April 28, 2025.[1] On May 9, 2025, United States Magistrate Judge Brian K. Epps ("Judge Epps") filed an Order requiring Plaintiff to file an amended Complaint, which Plaintiff submitted on May 23, 2025.[2] On July 18, 2025, Judge Epps entered an Order directing service of process be effected upon the

[1] *See generally* Compl. (Doc. 1).
[2] Order, May 9, 2025 (Doc. 4); Am. Compl., May 23, 2025 (Doc. 6).

Defendants.[3] Approximately a month later, the Defendants waived service of summons, which waiver request was sent on July 22, 2025, thus requiring Defendants to answer the amended Complaint on or before September 22, 2025.[4] To date, Defendants have not submitted their answer.

Plaintiff filed her Affidavit in Support of Motion for Protective Order[5] on August 25, 2025 (the "Affidavit"), requesting a protective order to shield her from "any form of harassment, intimidation, or unauthorized contact by the Defendants or their agents" and requesting "that the Court seal or redact any filings that contain personally identifiable information, including [Plaintiff's] home address, phone number, and references to [Plaintiff's] children."[6]

## **ANALYSIS**

Plaintiff is asking the Court to prematurely enter a protective order without following proper procedure. Federal Rule of Civil Procedure 26(c) states that "a party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.[7]

Plaintiff's Affidavit fails to comply with Rule 26(c) because it does not include the required certification that she has in good faith conferred or attempted to confer with Defendants in an effort to resolve the dispute without court action. To date, the parties have not participated in a Rule 26 Conference or had any other discussions related to discovery or any possible protective order.

---

[3] Order, July 18, 2025 (Doc. 7).
[4] Waiver of Service, August 20, 2025 (Doc. 14).
[5] From a review of the civil docket, it does not appear that a Motion was filed, only an affidavit. *See generally* CIVIL DOCKET FOR CASE #: 1:25-cv-00100-JRH-BKE.
[6] Motion/affidavit for Protective Order, August 25, 2025 (Doc. 17).
[7] F.R.C.P. 26(c).

Plaintiff has not had a good faith discussion with Defendants or their counsel about a protective order. As Plaintiff's Affidavit fails to comply with Rule 26(c), it should be denied.

Even if Plaintiff's motion complied with the Rule 26(c) requirements, it should not be granted. First, Federal Rule of Civil Procedure 5.2(a) addresses required redaction in an electronic or paper filing with the court containing an individual's social-security number, birth date, and the name of an individual known to be a minor. Under Rule 5.2(a), a party making the filing may include only the last four digits of the social-security number; the year of the individual's birth; and the minor's initials. This rule already exists to protect Plaintiff against the disclosure of this information, and no additional protective order is needed.

Finally, regarding Plaintiff's claims that she is at risk of retaliation, she has provided no evidence that retaliation or harassment is a valid concern. The burden is on the moving party to show the necessity of a protective order, and "the movant must meet this burden with a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[8] Plaintiff has failed to put forth a showing justifying the entry of a protective order, and her request should be denied.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that Plaintiff's Affidavit in Support of Motion for Protective Order be denied.

This 8th day of September, 2025.

/s/ *Davis A. Dunaway*
Davis A. Dunaway
Georgia Bar No. 232902
*Attorney for Defendants*

---

[8] Jenkins v. Nell, 2019 U.S. Dist. LEXIS 251263, *3 (S.D.Ga. 2019).

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing **Response to Plaintiff's Affidavit in support of Motion for Protective Order** with the Clerk of Court using the PACER system and served upon the parties and/or their counsel of record by depositing a copy of the same in the United States Mail with proper postage affixed thereto to ensure proper delivery to the following:

Tameka L. Walker
2301 Summit Court
Augusta, GA 30906

This 8th day of September, 2025.

*/s/ Davis A. Dunaway*
Davis A. Dunaway