IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

SEP 22 2025

FILED

TAMEKA WALKER,

Plaintiff,

v.

DEPUTY MICHAEL MORTON, in his individual and official capacity;

CORPORAL BRYAN MEALING, in his individual and official capacity;

DEPUTY JOSEPH HAWKINS, in his individual and official capacity;

DEPUTY LESLIE GAITER, in his individual and official capacity;

SHERIFF EUGENE BRANTLEY, in his official capacity,

Defendants.

Civil Action No.: 1:25-cv-00100

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

COMES NOW Plaintiff Tameka Walker, pro se, and respectfully moves this Honorable Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. There is no genuine dispute of material fact, and Plaintiff is entitled to judgment as a matter of law based on the undisputed evidence and constitutional violations committed by Defendants in both their individual and official capacities.

STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On September 13, 2023, Plaintiff was stopped by Deputy Michael Morton near Windsor Spring Road and Tobacco Road in Augusta, Georgia.
2. *Source: Plaintiff Affidavit; Exhibit A – CAD Report*

3. The CAD Report categorizes the stop as "Routine" and confirms no citation was issued at the time.

*Source: Exhibit A*

4. Plaintiff was placed in custody and transported before receiving any citation.

*Source: Plaintiff Affidavit; Exhibit B – Bodycam Footage (on file with Clerk)*

5. The citation was issued only after Plaintiff was removed from the scene.

*Source: Exhibit B*

6. The CAD Report lists only three officers, while bodycam footage shows five to seven officers present.

*Source: Exhibit A; Exhibit B*

7. Deputy Leslie Gaiter, who approved the arrest report, was under Internal Affairs investigation as of September 6, 2023.

*Source: Exhibit D*

8. Deputy Joseph Hawkins's bodycam footage is only three seconds long and does not document any K-9 alert.

*Source: Exhibit B*

9. Corporal Bryan Mealing stated on bodycam, "Gotta keep the dogs trained up," when asked about the K-9 deployment.

*Source: Exhibit B*

10. Plaintiff was arrested without probable cause, without a documented K-9 alert, and without any NCIC hit.

*Source: Plaintiff Affidavit; Exhibit A; Exhibit B*

11. Bodycam footage remains in the Court's possession and is referenced herein.

*Source: Clerk Confirmation; Plaintiff Affidavit*

12. Defendants were served on or about July 22, 2025. The 60-day deadline expired on September 20, 2025, with no response filed.

*Source: Proof of Service; Court Docket*

13. Plaintiff brings claims under 42 U.S.C. § 1983 for violations of her Fourth and Fourteenth Amendment rights.

*Source: Amended Complaint; Screening Order*

LEGAL ARGUMENT

A. Standard for Summary Judgment

Summary judgment is proper when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

B. Fourth Amendment Violation – Unlawful Seizure

Plaintiff was seized without probable cause. The CAD Report and bodycam footage confirm no citation was issued at the time of the stop, and Plaintiff was transported before any lawful basis was established.

*See Terry v. Ohio*, 392 U.S. 1 (1968); *Whren v. United States*, 517 U.S. 806 (1996).

C. Abuse of K-9 Deployment

Corporal Mealing's statement—"Gotta keep the dogs trained up"—shows the K-9 search lacked lawful justification. Hawkins's bodycam footage is only three seconds long and fails to document any alert.

*See Illinois v. Caballes*, 543 U.S. 405 (2005).

D. Fourteenth Amendment Violation – Procedural Due Process

Plaintiff was detained without explanation, citation, or documentation of lawful cause. These omissions violated her right to due process.

*See County of Sacramento v. Lewis*, 523 U.S. 833 (1998).

E. Defendants' Failure to Respond

Defendants failed to respond within the 60-day deadline, warranting default under *Fed. R. Civ. P. 55(a)* and supporting summary judgment.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant summary judgment in Plaintiff's favor;
2. Enter judgment against Defendants in both individual and official capacities;
3. Award compensatory damages for emotional distress, reputational harm, and loss of liberty;
   including compensatory damages for emotional distress suffered by Plaintiff and her two minor children as a result of witnessing the unlawful arrest and seizure."
4. Award punitive damages against individual Defendants;
5. Declare Defendants' conduct unconstitutional;
6. Grant any further relief the Court deems just and proper.

Respectfully submitted,

Tameka Walker

Tameka Walker

Tameka Walker

Pro Se Plaintiff

2301 Summit Court Augusta, Georgia, 30906

706-830-9938

Walketameka70@gmail.com

Date: September 22, 2025