IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| TAMEKA L. WALKER,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF EUGENE BRANTLEY,<br>DEPUTY MICHAEL MORTON,<br>DEPUTY JOSEPH HAWKINS,<br>CORPORAL BRYAN MEALING and<br>CORPORAL LESLIE GAITER,<br><br>Defendants. | ) | Civil Action File No. 1:25-cv-100 |

**ANSWER OF DEFENDANTS EUGENE BRANTLEY, MICHAEL MORTON, JOSEPH HAWKINS, BRYAN MEALING AND LESLIE GAITER**

NOW COMES defendants Eugene Brantley, Michael Morton, Joseph Hawkins, Bryan Mealing and Leslie Gaiter ("Defendants") and file this Answer to the plaintiff's Amended Complaint as follows:

**FIRST DEFENSE**

The claims as set forth in the plaintiff's Complaint are barred, in whole or in part, by the doctrine of sovereign immunity offered to defendants pursuant to the Georgia Constitution.

**SECOND DEFENSE**

The plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

**THIRD DEFENSE**

Defendants assert the defenses of privilege, legal justification, and any and all statutory defenses and immunities available to them as a public officer.

**FOURTH DEFENSE**

The plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity from suit and liability. Defendants did not violate any clearly established constitutional rights of which a reasonable official would have known, under the facts and circumstances available to them, and they are, therefore, entitled to qualified immunity.

**FIFTH DEFENSE**

Defendants at all times herein mentioned acted in good faith, without malice and within the scope of their duties as an officer and/or agent of the Sheriff of Richmond County, and they are, therefore, immune from the allegations of the plaintiff's Complaint.

**SIXTH DEFENSE**

Any claims by the plaintiff under state law against Defendants are barred, in whole or in part, by the official immunity afforded pursuant to Art. I, Sec. II, Para. IX of the Georgia Constitution.

**SEVENTH DEFENSE**

All procedures utilized by Defendants were reasonable and resulted in no damage to the plaintiff for which Defendants are liable.

**EIGHTH DEFENSE**

The plaintiff's claims are barred in whole or in part by the Eleventh Amendment to the United States Constitution.

**NINTH DEFENSE**

Plaintiff's claims, in whole or in part, fail as a matter of law because her arrest was supported by probable cause, including but not limited to any claim for malicious prosecution.

**TENTH DEFENSE**

The plaintiff's claims are barred by her own negligence and misconduct.

**ELEVENTH DEFENSE**

All procedures utilized by defendants were reasonable and resulted in no damage to the plaintiff for which defendants are liable.

**TWELFTH DEFENSE**

The plaintiff's claims for punitive damages against defendants are barred by such defendants' absolute immunity from claims for punitive damages.

**THIRTEENTH DEFENSE**

The plaintiff's claims for punitive damages and attorney's fees are barred by statutory, constitutional, and common law.

**FOURTEENTH DEFENSE**

The plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and applicable provisions of the Constitution of the State of Georgia on the following grounds:

a. It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive or exemplary damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

b. The procedures pursuant to which punitive or exemplary damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.

c. The procedures pursuant to which punitive or exemplary damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violate the due process clause of the Fourteenth Amendment to the United States Constitution.

d. The procedures pursuant to which punitive or exemplary damages are awarded fail to provide specific standards for the amount of the award of such damages, which thereby violate the due process clause of the Fourteenth Amendment to the United States Constitution.

e. The procedures pursuant to which punitive or exemplary damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the equal protection clause of the Fourteenth Amendment to the United States Constitution.

f. The procedures pursuant to which punitive or exemplary damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution and the excessive fines clause of the Constitution of the State of Georgia in that this defendant has no protection against disproportionate punishment allowed by recovery of such damages.

g. Allowing punitive or exemplary damages to be imposed by jurors as they think best offends the basic concept of due process, namely, the right of an individual to be free from arbitrary action by the government.

## FIFTEENTH DEFENSE

Defendants object to Exhibits 6-2, 6-3, 6-4, and 6-6 as improper, irrelevant, and/or inadmissible and move to strike said Exhibits.

## SIXTEENTH DEFENSE

Defendants answer the specific allegations of the plaintiff's Complaint as follows:

1. In response to the allegations contained in paragraph I, Introduction, of plaintiff's Complaint, Defendants admit only that Plaintiff purports to bring this action under 42 U.S.C. § 1983 and Georgia state law as alleged. Defendants deny the remaining allegations contained in paragraph I, Introduction, and Defendants specifically deny that they violated any statutory or constitutional provision or that the plaintiff is entitled to any relief in this action.

2. In response to the allegations contained in paragraph II, Parties, of plaintiff's Complaint, Defendants admit only that Defendant Brantley, in his official capacity, Defendant Morton, Defendant Hawkins, Defendant Mealing and Defendant Gaiter are named as defendants in this action. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations that plaintiff resides at 2301 Summit Court, Augusta, GA 30906. Defendants deny the remaining allegations contained in paragraph II, Parties, of plaintiff's Complaint, and Defendants specifically deny that they violated any statutory or constitutional provision or that the plaintiff is entitled to any relief in this action.

3. In response to the allegations contained in paragraph III, Jurisdiction & Venue, of plaintiff's Complaint, Defendants admit that jurisdiction of this Court exists over certain claims brought by the plaintiff pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Defendants further admit that venue is proper under 28 U.S.C. § 1391. Defendants deny the remaining allegations contained in paragraph III, Jurisdiction & Venue, of plaintiff's Complaint, and Defendants specifically deny that they violated any statutory or constitutional provision or that the plaintiff is entitled to any relief in this action.

4. In response to the allegations contained in paragraph IV, Factual Allegations, A. of plaintiff's Complaint, Defendants admit only that on September 13, 2023 at approximately 15:26 hours Deputy Morton stopped plaintiff's vehicle on Windsor Springs Road for excessively

dark window tint, and that plaintiff was issued a citation for window tint. Regarding the statement as to O.C.G.A. § 40-8-73.1, this is a statement for which no response is required. To the extent a response is required, Defendants deny the allegations to the extent they conflict with applicable law. Defendants deny the remaining allegations contained in paragraph IV, Factual Allegations, A. of plaintiff's Complaint.

5. In response to the allegations contained in paragraph IV, Factual Allegations, B. of plaintiff's Complaint, Defendants admit only that Defendant Hawkins and his K9 performed an open air sniff and the K9 gave an odor response alert. Defendants deny as stated the remaining allegations contained in paragraph IV, Factual Allegations, B. of plaintiff's Complaint.

6. In response to the allegations contained in paragraph IV, Factual Allegations, C. of plaintiff's Complaint, Defendants admit only that Defendant Morton used the pill identifier on Drugs.com to confirm that the two pills were Oxycodone pills. Defendants deny the remaining allegations contained in paragraph IV, Factual Allegations, C. of plaintiff's Complaint.

7. Defendants deny the allegations contained in paragraph IV, Factual Allegations, D. of plaintiff's Complaint.

8. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph IV, Factual Allegations, E. of plaintiff's Complaint.

9. Defendants deny the allegations contained in paragraph V, Legal Claims, A. of plaintiff's Complaint, and Defendants specifically deny that they violated any statutory or constitutional provision or that the plaintiff is entitled to any relief in this action.

10. Defendants deny the allegations contained in paragraph V, Legal Claims, B. of plaintiff's Complaint, and Defendants specifically deny that they violated any statutory or constitutional provision or that the plaintiff is entitled to any relief in this action.

11. Defendants deny the allegations contained in paragraph V, Legal Claims, C. of plaintiff's Complaint, and Defendants specifically deny that they violated any statutory or constitutional provision or that the plaintiff is entitled to any relief in this action.

12. Defendants deny the allegations contained in paragraph V, Legal Claims, D. of plaintiff's Complaint, and Defendants specifically deny that they violated any statutory or constitutional provision or that the plaintiff is entitled to any relief in this action.

## SEVENTEENTH DEFENSE

Any allegations contained in the plaintiff's Complaint, as amended, that are not admitted, denied, or otherwise specifically responded to above are hereby specifically denied.

WHEREFORE, Defendants pray that the plaintiff's Complaint against them be dismissed with all costs charged to the plaintiff.

This 22nd day of September, 2025.

*/s/ Davis A. Dunaway*
DAVIS A. DUNAWAY
Georgia Bar No. 232902
*Attorney for Defendants Brantley, Morton, Hawkins, Mealing and Gaiter*

HULL BARRETT, P.C.
801 Broad Street, 7th Floor
Augusta, GA 30901
(706) 722-4481 (Telephone)
(706) 722-9779 (Facsimile)
ddunaway@hullbarrett.com

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing *Answer of Defendants Eugene Brantley, Michael Morton, Joseph Hawkins, Bryan Mealing and Leslie Gaiter* with the Clerk of Court using the NextGen CM/ECF system and a copy of the same was placed in the U.S. mail with appropriate postage affixed thereon and being directed as follows:

Tameka Walker
2301 Summit Court
Augusta, Georgia 30906

This 22nd day of September, 2025.

*s/ Davis A. Dunaway*
DAVIS A. DUNAWAY