U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

OCT - 6 2025

FILED

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF GEORGIA**

**AUGUSTA DIVISION**

TAMEKA WALKER,

Plaintiff,

v.

DEPUTY MICHAEL MORTON, et al.,

Defendants.

**Civil Action No.: 1:25-cv-00100**

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55(b)**

COMES NOW Plaintiff Tameka Walker, pro se, and respectfully moves this Honorable Court to enter Default Judgment against Defendants Michael Morton, Bryan Mealing, Joseph Hawkins, Leslie Gaiter, and Eugene Brantley pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

## I. Procedural Posture

Defendants were served via Waivers of Service filed on July 22, 2025. Their deadline to respond expired on September 22, 2025. No Answer or responsive pleading has been filed. Plaintiff filed a Motion for Clerk's Entry of Default under Rule 55(a) on September 30, 2025. As of this filing, the Clerk's entry remains pending.

## II. Factual Foundation

On September 13, 2023, Plaintiff was unlawfully arrested by Richmond County Sheriff's deputies in front of her three minor daughters. The arrest was conducted without probable cause, in violation of Plaintiff's Fourth and Fourteenth Amendment rights.

Within two minutes of Deputy Morton initiating the stop, five to six officers surrounded Plaintiff's vehicle, escalating the encounter without justification. The stated reason—a

Plaintiff respectfully requests that the Court enter judgment in her favor and award the following relief:

- **Compensatory Damages**: $750,000 for emotional distress, reputational harm, and trauma to Plaintiff and her daughters
- **Punitive Damages**: $200,000 to deter future misconduct and reinforce constitutional accountability
- **Declaratory Relief**: A finding that Defendants violated Plaintiff's constitutional rights

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

OCT - 6 2025

FILED

TAMEKA WALKER,

Plaintiff,

v.

DEPUTY MICHAEL MORTON, et al.,

Defendants.

**Civil Action No.: 1:25-cv-00100**

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55(b)**

COMES NOW Plaintiff Tameka Walker, pro se, and respectfully moves this Honorable Court to enter Default Judgment against Defendants Michael Morton, Bryan Mealing, Joseph Hawkins, Leslie Gaiter, and Eugene Brantley pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

## I. Procedural Posture

Defendants were served via Waivers of Service filed on July 22, 2025. Their deadline to respond expired on September 22, 2025. No Answer or responsive pleading has been filed. Plaintiff filed a Motion for Clerk's Entry of Default under Rule 55(a) on September 30, 2025. As of this filing, the Clerk's entry remains pending.

## II. Factual Foundation

On September 13, 2023, Plaintiff was unlawfully arrested by Richmond County Sheriff's deputies in front of her three minor daughters. The arrest was conducted without probable cause, in violation of Plaintiff's Fourth and Fourteenth Amendment rights.

Within two minutes of Deputy Morton initiating the stop, five to six officers surrounded Plaintiff's vehicle, escalating the encounter without justification. The stated reason—a

window tint violation—was not addressed until Plaintiff was already handcuffed and transported. The citation was written in the backseat, confirming the stop was pretextual.

Bodycam footage already filed with the Court—and reinforced by timestamped public documentation—includes a 3-second clip of a K9 alert that appears staged. Immediately following this, Corporal Bryan Mealing is heard stating, *"Gotta keep the dogs trained up,"* confirming Plaintiff was used as a training prop rather than a lawful suspect. No probable cause was stated.

Plaintiff was ultimately charged with possession of a controlled substance, but bond paperwork confirms she was not charged with marijuana possession at the time of arrest and did not bond out on that charge. The charge was fabricated post-arrest.

Chain of custody documents falsely classify "approximately 20 grams of marijuana" as a felony, while the K9 report contradicts this, stating only "10 grams." These contradictions—between the bodycam footage, officer statements, bond paperwork, chain of custody, and K9 report—demonstrate a pattern of fabrication, false documentation, and reckless disregard for Plaintiff's constitutional rights.

The *fruit of the poisonous tree* doctrine applies because the stop and search were unlawful, any evidence obtained—including the possession charge—is inadmissible and void.

Plaintiff is a black resident of Augusta, Georgia, a mother, and up until September 13th, 2023—a 37-year-old black woman with no prior criminal record. This incident disrupted her livelihood, endangered her daughters' emotional safety and well-being, also violated her dignity and constitutional rights.

## III. Relief Requested

Plaintiff respectfully requests that the Court enter judgment in her favor and award the following relief:

- **Compensatory Damages**: $750,000 for emotional distress, reputational harm, and trauma to Plaintiff and her daughters
- **Punitive Damages**: $200,000 to deter future misconduct and reinforce constitutional accountability
- **Declaratory Relief**: A finding that Defendants violated Plaintiff's constitutional rights

- **Immediate Disbursement**: Plaintiff respectfully requests that, upon entry of judgment, the awarded damages be disbursed without delay to Plaintiff's designated mailing address or financial account. Plaintiff is currently navigating housing instability and urgently requires financial relief to secure shelter, meet basic needs, and protect the emotional well-being of her minor daughters.
- **Expungement Recommendation**: Plaintiff respectfully requests that the Court declare the September 13, 2023, arrest and subsequent possession charge unlawful and unconstitutional. Plaintiff further requests that the Court recommend expungement of all related records, including arrest and bond documentation, to restore Plaintiff's reputation and protect her future opportunities.
- **Costs and Fees**: Waived or reserved, as Plaintiff proceeds pro se

## IV. Supporting Documents

This Motion is supported by:

- Plaintiff's Affidavit in Support of Damages
- Statement of Undisputed Material Facts
- Exhibits A–K (bodycam footage, CAD report, affidavit, bond paperwork, tint citation, chain of custody, K9 report, video transcript)
- Certificate of Service

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion and enter Default Judgment against all named Defendants.

Respectfully submitted,

**Tameka Walker**

Tameka Walker

Tameka Walker

Pro Se Plaintiff

Date: October 6, 2025

## Statement of Undisputed Material Facts

**In Support of Plaintiff's Motion for Default Judgment**

Tameka Walker v. Deputy Michael Morton, et al.

Civil Action No.: 1:25-cv-00100

United States District Court – Southern District of Georgia, Augusta Division

1. On September 13, 2023, Plaintiff was stopped by Deputy Michael Morton of the Richmond County Sheriff's Office (RCSO) while driving with her two minor daughters.

2. The stated reason for the stop was a window tint violation. However, no officer referenced the tint citation during the stop. The citation was written after Plaintiff was handcuffed and transported to Charles B. Webster Detention Center, confirming the stop was pretextual.

3. Within two minutes of the initial stop, five to six officers surrounded Plaintiff's vehicle, escalating the encounter without probable cause or justification.

4. Bodycam footage already filed with the Court shows officers searching Plaintiff's purse without consent, without a warrant, and without total regard for the constitution.

5. A brief, 3-second K9 alert occurs during the stop. Immediately following this, Corporal Bryan Mealing is heard stating: "We gotta keep the dogs trained up".

6. Plaintiff was arrested and charged with possession of a controlled substance. However, bond paperwork confirms Plaintiff was not charged with marijuana possession at the time of arrest and did not bond out on that charge.

7. Chain of custody documents falsely classify "approx 20 grams of marijuana" as a felony. The K9 report contradicts this, stating only "10 grams." Georgia law (O.C.G.A. § 16-13-30) defines felony possession as 28 grams or more. Both reported weights fall below the felony threshold, confirming the charge was misclassified and unsupported by law.

8. During the stop, Deputy Hawkins falsely told Plaintiff's daughter: "Your mom is being arrested for cocaine".

9. Exhibit K (YouTube video) supplements the official bodycam footage and captures identical moments, including the staged K9 alert, Mealing's quote, the unlawful search, and the false statement to Plaintiff's daughter.

10. No officer articulated probable cause for the search or arrest. No contraband was visible. No traffic enforcement was conducted.

11. Plaintiff's daughters were present during the arrest and visibly traumatized. The emotional harm inflicted on them is documented in both the bodycam footage and Exhibit K.

12. Deputy Morton admitted in his sworn affidavit—filed during discovery—that he used the website Drugs.com to identify pills allegedly found in Plaintiff's possession. This method violates RCSO policy, which requires certified field testing or laboratory analysis. Georgia law does not recognize informal online pill identification as admissible evidence. No certified test was performed, and no lab analysis was conducted.

13. The use of a consumer website to justify arrest confirms the absence of lawful procedure and undermines any claim of probable cause. This admission, made under oath, reinforces Plaintiff's claim of fabrication, reputational harm, and constitutional violation.

14. Plaintiff is a black resident of Augusta, Georgia, a mother, and before this day, a 37-year-old woman with no prior criminal history. This incident disrupted her livelihood, endangered her children's emotional safety, and violated her constitutional rights.

15. The arrest and search were unlawful under the Fourth and Fourteenth Amendments. The possession charge is the *fruit of the poisonous tree* and must be voided.

16. Defendants failed to respond to the Complaint by the Court's deadline. Plaintiff filed for Clerk's Entry of Default and now moves for Default Judgment under Rule 55(b).

17. The facts stated herein are supported by sworn affidavit, filed bodycam footage, public documentation (Exhibit K), Defendant's own affidavit (Exhibit L), and official records including CAD report, bond paperwork, chain of custody, and K9 report.

October 1, 2025

Clerk of Court

U.S. District Court

Southern District of Georgia – Augusta Division

125 Telfair Street

Augusta, GA 30901

Re: Walker v. Morton et al, Case No. 1:25-cv-00100

Motion for Default Judgment Pursuant to Rule 55(b)

Dear Clerk,

Please find enclosed Plaintiff's Motion for Default Judgment pursuant to Rule 55(b), along with supporting affidavit, exhibits, and certificate of service. This motion is submitted in anticipation of the Clerk's Entry of Default under Rule 55(a), which was requested on September 29th, 2025.

I respectfully request that this motion be docketed and held pending the Clerk's entry. Please return a stamped copy in the enclosed envelope.

Sincerely,

**Tameka Walker** Tameka Walker

Pro Se Plaintiff

2301 Summit Court, Augusta, Georgia, 30906

706-830-9938

Walkertameka70@gmail.com