**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| TAMEKA WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CV 125-100 |
| DEPUTY MICHAEL MORTON; | ) | |
| DEPUTY JOSEPH HAWKINS; | ) | |
| CORPORAL BRYAN MEALING; | ) | |
| CORPORAL LESLIE GAITER; and | ) | |
| SHERIFF EUGENE BRANTLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, REQUEST FOR ORDER DEFERRING RESPONSE TIME**

COME NOW Defendants Michael Morton, Joseph Hawkins, Bryan Mealing, Leslie Gaiter, and Eugene Brantley (collectively, "Defendants"), and submit this response in opposition to Plaintiff's motion for summary judgment and show the following:

**BACKGROUND**

Plaintiff Tameka Walker ("Plaintiff") filed her initial Complaint on April 28, 2025.[1] On May 9, 2025, United States Magistrate Judge Brian K. Epps ("Judge Epps") entered an Order requiring Plaintiff to file an amended Complaint, which Plaintiff submitted on May 23, 2025.[2] On July 18, 2025, Judge Epps entered an Order directing service of process be effected upon the Defendants.[3] Approximately a month later, the Defendants waived service of summons, which

[1] *See generally* Compl. (Doc. 1) in Case No. CV 125-100.
[2] Order, May 9, 2025 (Doc. 4); Am. Compl., May 23, 2025 (Doc. 6.)
[3] Order, July 18, 2025 (Doc. 7.)

waiver request was sent on July 22, 2025, thus requiring Defendants to answer the amended Complaint on or before September 22, 2025.[4] Plaintiff filed this Motion for Summary Judgment on September 22, 2025.[5] Later that same day, Defendants timely filed their answer on September 22, 2025.[6] To date, a Rule 26 Report has not been filed, discovery has not yet commenced, and no scheduling order has been entered.[7]

## ANALYSIS

### A. Plaintiff's Motion is Premature and Should be Denied or Deferred Pursuant to Fed. R. Civ. P. 56(d).

Federal Rule of Civil Procedure 56(d) provides, in pertinent part, that "if a nonmovant . . . cannot present facts essential to justify its opposition [to summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery. . . ." Fed. R. Civ. P. 56(d). Further, the Advisory Committee Notes to Rule 56 confirm that "[a] party who seeks relief under subdivision (d) may seek an order deferring the time to respond to the summary judgment motion."

Both this Court and the Eleventh Circuit have held that where there has been no or limited discovery, that "[s]ummary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition." *See Smith v. Florida Dept. of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013); *see also Smith v. Stewart*, 2025 U.S. DIST LEXIS 137714 at *3 (S.D. Ga. Jul. 18, 2025), report and recommendation adopted, 2025 U.S. Dist. LEXIS 158772 (S.D. Ga. Aug. 15, 2025) (denial of summary judgment without prejudice because the parties had not yet had the opportunity to engage in any discovery).

[4] Waiver of Service, August 20, 2025 (Doc. 14); *see also* Docket Entry 14 stating all Defendants' answers are due September 22, 2025.
[5] Motion for Summary Judgment, September 22, 2025 (Doc. 19).
[6] Answer, September 22, 2025 (Doc. 20).
[7] *See generally* Docket in Case No. CV 125-100.

In this case, summary judgment should be denied without prejudice or deferred under Rule 56 (d) because this litigation is still in its initial stages and discovery has not yet commenced. Defendants only filed their answer to Plaintiff's complaint on September 22, 2025 (Doc. 20), and Plaintiff's motion precedes the issuance of a scheduling notice. Thus, discovery deadlines have not yet been set. Plaintiff has filed a barebones summary judgment motion purportedly supported by Plaintiff's affidavit, and she has made numerous allegations in her pleadings. Defendants are entitled to a reasonable opportunity to conduct discovery to challenge Plaintiff's statements and to establish an evidentiary record in opposition. See *Smith*, 713 F.3d at 164; see also *Smith*, 2025 U.S. DIST LEXIS 137714 at *3.

Accordingly, because the parties have not yet had the opportunity to engage in any discovery, Plaintiff's motion is premature. *See Smith*, U.S. DIST LEXIS 137714 at *3 (citing to *Silva v. TAS Rts. Mgmt., LLC*, 2018 U.S. Dist. LEXIS 129701, at *1 (M.D. Fla. Aug. 2, 2018) (denying summary judgment motion as premature where the motion "precede[d] not only Defendant's response to the Amended Complaint, but also the exchange of any discovery between the parties" (emphasis in original)); *AIX Specialty Ins. Co. v. Everett*, 2020 U.S. Dist. LEXIS 67804 at *2 (M.D. Fla. Apr. 17, 2020) (denying summary judgment motion as premature and reasoning "[t]here has not been an opportunity for the parties to engage in any discovery in this action, much less adequate discovery, because [defendant] was only recently served and the Court has not set a schedule for discovery under a case management and scheduling order" (emphasis in original)). For this reason, Plaintiff's motion should be denied without prejudice or deferred until discovery is completed.

**B. Defendants timely responded to Plaintiff's Amended Complaint.**

Plaintiff's assertion in her motion for summary judgment that Defendants have failed to timely respond to the amended complaint and therefore are subject to default judgment is erroneous and unsupported by the record. The Defendants waived service of summons on August 20, 2025, which waiver request was sent on July 22, 2025, thus requiring Defendants to answer the amended Complaint on or before September 22, 2025. (Doc. 14 -Waiver of Service of the Defendants, and see Docket Entry 14 stating all Defendants' answers are due September 22, 2025.) Defendants then timely filed their answer on September 22, 2025. (Doc. 20 – Answer to Amended Complaint by Eugene Brantley, Leslie Gaither, Joseph Hawkins, Bryan Mealing, Michael Morton.) Thus, Defendants timely answered plaintiff's amended Complaint on September 22, 2025.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion for Summary Judgment be denied without prejudice or deferred pending the completion of discovery.

This 14th day of October, 2025.

/s/ *Davis A. Dunaway*
Davis A. Dunaway
Georgia Bar No. 232902
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing **Defendants' Response in Opposition to Plaintiff's Motion For Summary Judgment, or in the alternative, Request For Order Deferring Response Time** with the Clerk of Court using the PACER system and served upon the parties and/or their counsel of record by depositing a copy of the same in the United States Mail with proper postage affixed thereto to ensure proper delivery to the following:

Tameka L. Walker
2301 Summit Court
Augusta, GA 30906

This 14th day of October, 2025.

*/s/ Davis A. Dunaway*
Davis A. Dunaway