**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| TAMEKA WALKER,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY MICHAEL MORTON;<br>DEPUTY JOSEPH HAWKINS;<br>CORPORAL BRYAN MEALING;<br>CORPORAL LESLIE GAITER; and<br>SHERIFF EUGENE BRANTLEY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV 125-100 |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

COME NOW Defendants Michael Morton, Joseph Hawkins, Bryan Mealing, Leslie Gaiter, and Eugene Brantley (collectively, "Defendants"), and submit this Response in Opposition to Plaintiff's Motion for Default Judgment and show the following:

**INTRODUCTION AND BACKGROUND**

As shown below, Defendants timely answered Plaintiff's amended Complaint on September 22, 2025, within the sixty days afforded under Federal Rule of Civil Procedure 4(d)(3) from when the request to waive service was sent, and within the deadline set for Defendants to answer in Docket Entry 14. Thus, Plaintiff Tameka Walker's ("Plaintiff") Motion for Default Judgment should be denied.

Plaintiff filed her initial Complaint on April 28, 2025.[1] On May 9, 2025, United States Magistrate Judge Brian K. Epps ("Judge Epps") entered an Order requiring Plaintiff to file an

---

[1] *See generally* Compl. (Doc. 1).

amended Complaint, which Plaintiff submitted on May 23, 2025.[2] On July 18, 2025, Judge Epps entered an Order directing service of process be effected upon the Defendants.[3] Approximately a month later, the Defendants waived service of summons, which waiver request was sent on July 22, 2025, thus requiring Defendants to answer the amended Complaint on or before September 22, 2025.[4] Defendants then timely filed their answer on September 22, 2025.[5] Plaintiff filed a Request for the Clerk's Entry of Default on September 29, 2025, which Defendants responded in opposition to on October 14, 2025.[6] Plaintiff filed this Motion for Default Judgment on October 6, 2025.[7]

**ANALYSIS**

By its terms, Federal Rule of Civil Procedure 55 contemplates two steps before entry of a default judgment. First, the party seeking a default must have the Clerk enter the default by submitting an "affidavit or otherwise" showing that the defaulting party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Thereafter, the moving party may then seek entry of a default judgment under Rule 55(b).

Here, Plaintiff's motion for default judgment fails to comply with the requirements of Rule 55(a) as no default has been entered by the Clerk, and the motion does not provide any proof that Defendants have failed to plead or otherwise defend within the requirement time period. To the contrary, the Defendants timely answered Plaintiff's amended Complaint on September 22, 2025. Defendants waived service of summons on August 20, 2025, which waiver request was sent on July 22, 2025, thereby making Defendants' answer to the amended Complaint due on or before

---

[2] Order, May 9, 2025 (Doc. 4); Am. Compl., May 23, 2025 (Doc. 6).
[3] Order, July 18, 2025 (Doc. 7).
[4] Waiver of Service, August 20, 2025 (Doc. 14). *see also* Docket Entry 14 stating all Defendants' answers are due September 22, 2025.
[5] Answer, September 22, 2025 (Doc. 20).
[6] Request for Clerk's Entry of Default, September 29, 2025 (Doc. 22); Response to Request for Entry of Default, October 14, 2025 (Doc. 25).
[7] Motion for Default Judgment, October 6, 2025 (Doc. 23).

September 22, 2025.[8] Defendants timely filed their answer on September 22, 2025.[9] Thus, an entry of default is not appropriate, and Plaintiff is not entitled to default judgment. Therefore, this motion should be denied.

Finally, Plaintiff's motion for default judgment and the accompanying "Statement of Undisputed Material Facts" contain factual allegations, which Defendants specifically deny, including but not limited to those related to liability and damages. Further, Defendants deny that Plaintiff is entitled to the relief requested in the motion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion for Default Judgment be denied.

This 20th day of October, 2025.

/s/ *Davis A. Dunaway*
Davis A. Dunaway
Georgia Bar No. 232902
*Attorney for Defendants*

[8] Fed. Rule of Civ. Proc. 6(a)(1)(C) instructs that, in computing any time period for the purposes of the Rules, when the period is stated in days, include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Here, because the last day of the 60-day period to answer Plaintiff's amended Complaint fell on Saturday, September 20, the rule instructs that the period continued to run until the next day that was not a Saturday or Sunday, which was Monday, September 22, 2025.

[9] Answer, September 22, 2025 (Doc. 20).

# CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing **Response in Opposition to Plaintiff's Motion for Default Judgment** with the Clerk of Court using the PACER system and served upon the parties and/or their counsel of record by depositing a copy of the same in the United States Mail with proper postage affixed thereto to ensure proper delivery to the following:

Tameka L. Walker
2301 Summit Court
Augusta, GA 30906

This 20th day of October, 2025.

*/s/ Davis A. Dunaway*
Davis A. Dunaway