**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF GEORGIA**

**AUGUSTA DIVISION**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

OCT 30 2025

FILED

**TAMEKA WALKER,**

Plaintiff,

v.

**EUGENE BRANTLEY, LESLIE GAITER, JOSEPH HAWKINS, BRYAN MEALING, MICHAEL MORTON,**

Defendants.

**Civil Action No. 1:25-cv-~~00010~~** 00100

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR DEFAULT JUDGMENT**

## I. INTRODUCTION

Plaintiff Tameka Walker, proceeding pro se, respectfully submits this Reply to Defendants' Response in Opposition to her Motion for Default Judgment (Doc. 23). The opposition filed by Defendants Brantley, Gaiter, Hawkins, Mealing, and Morton (Doc. 26) fails to rebut the core truth: that each officer involved in Plaintiff's unlawful arrest either directly participated or held supervisory responsibility for conduct that violated her constitutional rights and inflicted emotional harm upon her two minor daughters. Their response is riddled with contradictions, omissions, and procedural evasion—none of which justify their failure to timely answer or defend.

## II. TIMELINESS OF PLAINTIFF'S REPLY

Defendants filed their opposition on October 20, 2025. Plaintiff's reply is filed within the permissible timeframe under Federal Rule of Civil Procedure 6(d) and Local Rule 7.5,

which allows up to 14 days for reply. This filing is therefore timely and properly before the Court.

## III. FACTUAL CONTRADICTIONS AND PATTERN OF MISCONDUCT

Defendants' opposition attempts to obscure the following facts:

- Four defendants—Gaiter, Hawkins, Mealing, and Morton—were physically present during Plaintiff's arrest on September 13, 2023, yet none intervened to mitigate the emotional trauma inflicted on Plaintiff's minor children.
- Sheriff Eugene Brantley was not the acting sheriff at the time of Plaintiff's arrest. The Richmond County Sheriff's Office was under the leadership of Former Sheriff Richard Roundtree. Brantley assumed office in early 2025, coinciding with the dismissal of Plaintiff's criminal case via "nolle prosequi." Any attempt to attribute 2023 conduct to Brantley is factually inaccurate and misleading.
- Plaintiff did not experience excessive force during the arrest, and thanks to divine protection, physical harm was avoided. However, the emotional and psychological harm inflicted on her daughters—who witnessed their mother's arrest without lawful cause—was severe and lasting.
- Deputy Joseph Hawkins made a knowingly false and inappropriate statement to Plaintiff's then-16-year-old daughter. After asking her age, he told her, "Your mom is being charged with possession of cocaine." This was categorically false. Plaintiff was never charged with possession of cocaine, but rather with felony possession of methamphetamine. This misinformation, delivered to a minor child during a traumatic event, was not only factually incorrect but also deeply inappropriate and emotionally damaging.
- Incident reports and sworn statements omit key facts, including the visible distress of Plaintiff's daughters and the absence of lawful justification for the arrest.
- Defendants failed to file a timely Answer, despite proper service and clear deadlines. Their delay is not excusable neglect—it is strategic avoidance.
- Statements made in their opposition contradict prior filings, including timelines, roles, and rationale—revealing a coordinated attempt to obscure misconduct.

These contradictions are not clerical errors. They are deliberate distortions designed to evade accountability.

## IV. EMOTIONAL HARM TO MINOR CHILDREN

Plaintiff's daughters, ages 7 & 16, were present during the arrest and witnessed their mother forcibly detained without lawful cause. They were left vulnerable, terrified, and emotionally scarred. No officer offered protection, comfort, or explanation. Instead, they were treated as collateral damage to a spectacle of power.

This trauma is documented in their behavior, statements, and silence. Defendants' refusal to acknowledge this harm is not just negligent—it is cruel and unconstitutional.

## V. LEGAL BASIS FOR DEFAULT JUDGMENT

Under Fed. R. Civ. P. 55(a), default is appropriate when a party fails to plead or otherwise defend. Defendants' untimely response, coupled with their evasive conduct and contradictory filings, satisfies this threshold. Their opposition fails to demonstrate good cause or excusable neglect. Instead, it reveals a pattern of delay, denial, and distortion.

## VI. CONCLUSION

Defendants cannot escape accountability through procedural gymnastics. Their own filings betray them. Their silence speaks volumes. Their contradictions are confessions. Plaintiff respectfully urges this Court to grant the Motion for Default Judgment and affirm that justice delayed is not justice denied.

Respectfully submitted,

Tameka Walker

Tameka Walker

Pro Se Plaintiff

10/30/25