**UNITED DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**AUGUSTA DIVISION**

| | | |
|---|---|---|
| TAMEKA WALKER<br><br>Plaintiff,<br><br><br>v.<br><br><br>DEPUTY MICHAEL MORTON;<br>DEPUTY JOSEPH HAWKINS;<br>CORPORAL BRYAN MEALING;<br>CORPORAL LESLIE GAITER; and<br>SHERIFF EUGENE BRANTLEY<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:25-CV-100 |

**RULE 26(f) REPORT**

**1. Date of Rule 26(f) conference:**

November 19, 2025.

**2. Parties or counsel who participated in conference:**

Tameka Walker, Plaintiff.
Davis A. Dunaway, attorney for the Defendants.

**3. If any defendant has yet to be served, please identify the defendant and state when service is expected.**

All defendants have been served.

**4. Date the Rule 26(a)(1) disclosures were made or will be made:**

December 3. 2025

**5. If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the timing or form of those disclosures,**

**(a) Identify the party or parties making the objection or proposal:**

None.

**(b) Specify the objection or proposal:**

Not applicable.

**6. The Local Rules provide a 140-day period for discovery. If any party is requesting additional time for discovery,**

**(a) Identify the party or parties requesting additional time:**

Not applicable.

**(b) State the number of months the parties are requesting for discovery:**

_____________

**(c) Identity the reason(s) for requesting additional time for discovery:**

______ **Unusually large number of parties**

______ **Unusually large number of claims or defenses**

______ **Unusually large number of witnesses**

______ **Exceptionally complex factual issues**

______ **Need for discovery outside the United State**

_______**Other:**

**(d) Please provide a brief statement in support of each of the reasons identified above:**

**7. If any party is requesting that discovery be limited to particular issues or conducted in phases, please**

**(a) Identify the party or parties requesting such limits:**

No parties seek discovery limits at this time.

**(b) State the nature of any proposed limits:**

Not applicable.

**8. The Local Rules provide, and the Court generally imposes, the following deadlines:**

| | |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings | **60 days** after issue is joined |
| Last day to furnish expert witness Report by plaintiff | **60 days** after Rule26(f) conference |
| Last day to furnish expert witness Report by a defendant | **90 days** after Rule 26(f) conference (or 60 days after the answer, whichever is later) |
| Last day to file motions | **30 days** after close of discovery |

**If any party requests a modification of any of these deadlines,**

**(a) Identify the party or parties requesting the modification:**

Not applicable.

**(b) State which deadline should be modified and the reason supporting the request:**

**9. If the case involves electronic discovery,**

**(a) State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:**

The parties do not anticipate any issues regarding electronic discovery and will follow standard discovery procedures. The parties have agreed to preserve electronically stored information in its native format with metadata attached.

**(b) Identify any issues regarding electronically stored information as to which the parties have been able to reach an agreement:**

None at this time.

**10. If the case is known to involve claims of privilege or protection of trial preparation material,**

**(a) State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material:**

The parties do not anticipate any issues regarding privilege but will follow Rule 26(b)(5). The parties agree that they may notify the other parties that they have inadvertently produced privileged materials and that the other party will delete those materials. The parties have agreed to log materials withheld from discovery on the grounds they are protected by the attorney-client privilege or work product doctrine. The following shall be exempt from the log requirement: (1) correspondence between counsel and clients after the litigation was filed or in anticipation of litigation; and (2) memoranda, drafts, notes and files of counsel. The privilege log shall otherwise comply with the requirements of Federal Rule of Civil Procedure 26(b)(5)(A).

**(b) Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):**

None.

**(c) Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:**

None.

**11. State any other matters the Court should include in its scheduling order:**

None on behalf of Defendants.

Plaintiff respectfully requests the Court consider the following additional matters:

• During the Rule 26(f) conference, opposing counsel disclosed that he was recently assigned to this case at the request of the City of Augusta and the Richmond County Sheriff's Office (RCSO). He also stated that the RCSO is funded

by the City. Plaintiff believes this disclosure is relevant to municipal liability and coordination between the defendants.

• Opposing counsel expressed openness to settlement discussions and invited Plaintiff to submit a settlement demand letter. Plaintiff intends to do so in good faith and requests that the Court acknowledge this posture in its scheduling order.

• Plaintiff is proceeding pro se and respectfully requests procedural flexibility regarding formatting and filing, provided that all substantive requirements are met. Plaintiff has demonstrated diligence and professionalism in preparing filings and participating in the Rule 26(f) conference.

**12. The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. Please state any specific problems that have created a hindrance to the settlement of the case:**

The parties have discussed the nature and basis of their claims and defenses and possibility for prompt settlement or resolution in this case. The parties will revisit as discovery progresses.

This 24th day of November, 2025

Signed: *_/s/ Tameka Walker_*
Plaintiff

*_/s/ Davis A. Dunaway_*
Attorney for Defendants