IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| TAMEKA L. WALKER, | * | |
| Plaintiff, | * | |
| v. | * | CV 125-100 |
| MICHAEL MORTON, et al., | * | |
| Defendants. | * | |

O R D E R

Before the Court are Plaintiff's motion for protective order (Doc. 17), motion for summary judgment (Doc. 19), motion for entry of default (Doc. 22), and motion for default judgment (Doc. 23). For the following reasons, Plaintiff's motions are **DENIED**.

**I. BACKGROUND**

This action arises out of a traffic stop and arrest of Plaintiff. (Doc. 6.) Plaintiff's amended complaint raises a 42 U.S.C. § 1983 claim alleging her Fourth and Fourteenth Amendment rights were violated, a "Monell Liability" claim of unconstitutional policies, a "Supervisory Liability" claim for deliberate indifference, a claim of malicious prosecution under O.C.G.A. § 51-7-40, and a claim of intentional infliction of emotional distress. (Id. at 5-6.) The amended complaint sets forth the following facts. (See Doc. 6.)

On September 13, 2023, Defendant Morton stopped Plaintiff's vehicle "for a fabricated 17% window tint violation." (Id. at 2.) Shortly after the stop, Defendant Mealing ordered a K-9 sniff. (Id. at 3.)  Plaintiff alleges the sniff was for a non-investigative purpose based on Defendant Mealing's statement, "We gotta keep the dogs trained every now [and] then." (Id.) Plaintiff also alleges Defendant Hawkins deployed a K-9 not certified under Richmond County Sheriff's Office policy and produced three seconds of spoliated footage that concealed the dog's failure to alert. (Id.)  Finally, Plaintiff alleges Defendant Morton retroactively converted a misdemeanor charge for 10g of marijuana to a felony charge of 20g of marijuana. (Id.)

On January 17, 2025, the underlying criminal case was dismissed. (See Doc. 6-7.) On April 28, 2025, Plaintiff filed her original complaint. (Doc. 1.) On May 9, 2025, the Court ordered Plaintiff to file an amended complaint due to pleading deficiencies. (Doc. 4.) On May 23, 2025, Plaintiff filed her amended complaint. (Doc. 6.) Defendants waived service of summons and sent the waiver on July 22, 2025, setting a deadline of September 22, 2025 to file an answer. (Doc. 14.) On September 22, 2025, Defendants timely filed an answer. (Doc. 20.)

On August 25, 2025, Plaintiff filed a motion for protective order (Doc. 17), and on September 8, 2025, Defendants responded (Doc. 18). On September 22, 2025, Plaintiff moved for summary

2

judgment (Doc. 19), and on October 14, 2025, Defendants responded (Doc. 24). On September 29, 2025, Plaintiff filed a motion for entry of default (Doc. 22.), and on October 14, 2025, Defendants responded (Doc. 25). Although the Court had not entered default, Plaintiff filed a motion for default judgment (Doc. 23) on October 6, 2025 and on October 20, 2025, Defendants responded in opposition (Doc. 26). On October 30, 2025, Plaintiff replied in support of the motion for default judgment. (Doc. 29.) Plaintiff's motions are now ripe for the Court's review.

## II. DISCUSSION

The Court addresses Plaintiff's pending motions in turn.

### A. Motion for Protective Order

First, Plaintiff requests a protective order to shield her from "any form of harassment, intimidation, or unauthorized contact by the Defendants or their agents" and requests "that the Court seal or redact any filings that contain personally identifiable information, including [her] home address, phone number, and references to [her] children." (Doc. 17, at 2.) Plaintiff believes the risk of retaliation against her or her family is imminent "[g]iven the nature of [her] claims and the history of civil rights violations involving the Richmond County Sheriff's Office — including documented cases of retaliation, excessive force, and racial intimidation." (Id.)

Defendants argue Plaintiff's motion should be denied because it does not comply with Rule 26(c) and include certification that she made a good faith conferral with opposing counsel, which Plaintiff failed to do before filing this motion. (Doc. 18, at 2-3.) Defendants also state the protections of Rule 5.2(a) render the motion unnecessary because any court filing will have an individual's social security number, birth date, and the name of a minor redacted. (Id. at 3.) Finally, Defendants highlight that Plaintiff did not provide evidence that retaliation or harassment is a valid concern in connection to her fear of risk of retaliation. (Id.)

After reviewing the docket, the Court finds no pertinent or invasive information about Plaintiff or her family to support her fears of harassment, intimidation, or retaliation. Therefore, Plaintiff's motion lacks sufficient evidence to conclude a protective order is necessary, and thus Plaintiff's motion for protective order (Doc. 17) is **DENIED**.

### B. Motion for Summary Judgment

The Court next addresses Plaintiff's motion for summary judgment. (Doc. 19.)

#### 1. Legal Standard

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Facts are

4

"material" if they could "affect the outcome of the suit under the governing [substantive] law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and a dispute is genuine "if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir. 2001). The Court must view factual disputes in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [the non-moving party's] favor." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted). The Court should not weigh the evidence or determine credibility. Anderson, 477 U.S. at 255.

The moving party has the initial burden of showing the Court, by reference to materials on file, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Because the standard for summary judgment mirrors that of a directed verdict, the initial burden of proof required by either party depends on who carries the burden of proof at trial. Id. "When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it 'must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial.'" Four

5

Parcels of Real Prop., 941 F.2d at 1438 (emphasis omitted) (quoting Celotex Corp., 477 U.S. at 331 (Brennan, J., dissenting)). "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" Id. (quoting Chanel, Inc. v. Italian Activewear of Fla., Inc., 931 F.2d 1472, 1477 (11th Cir. 1991)).

2. Analysis

Plaintiff argues summary judgment is warranted "based on the undisputed evidence and constitutional violations committed by Defendants." (Doc. 19, at 1.) Specifically, Plaintiff argues she was seized without probable cause, the K-9 search lacked lawful justification, and she was detained without explanation, citation, or documentation of lawful cause. (Id. at 3.) Plaintiff also states Defendants failed to timely respond within the sixty-day deadline after waiver of service. (Id. at 4.) However, Defendants filed an answer on September 22, 2025 — the deadline to file an answer. (Docs. 14, 20.) Defendants argue Plaintiff's motion for summary judgment should be denied or deferred as premature because the Parties have not started discovery or filed a Rule 26(f) report. (Doc. 24, at 2-3.)

The Court agrees with Defendants that a motion for summary judgment is inappropriate before discovery has commenced.

6

"Summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition." Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1064 (11th Cir. 2013) (citations omitted). Without discovery, the parties have not had a reasonable opportunity to discover essential information and material facts about the incident at issue. Thus, Plaintiff's motion for summary judgment (Doc. 19) is **DENIED** as premature.

**C. Motion for Entry of Default and Motion for Default Judgment**

The Court next addresses Plaintiff's motion for entry of default (Doc. 22) and motion for default judgment (Doc. 23).

1. Legal Standard

Under Federal Rule of Civil Procedure 55(a), "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).

Under Federal Rule of Civil Procedure 55(b), "a court may enter default judgment against a defendant when (1) both subject matter and personal jurisdiction exist, (2) the allegations in the complaint state a claim against the defendant, and (3) the plaintiff shows the damages to which it is entitled." Senn Brothers, Inc. v. Heavenly Produce Palace LLC, No. CV 119-196, 2020 WL 2115805, at *1 (S.D. Ga. May 4, 2020) (citing Pitts ex

7

rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356-58 (S.D. Ga. 2004)). Final judgment is appropriate so long as "the pleadings state a substantive cause of action and contain a sufficient basis to support the relief sought." Kennedy v. NILA Invs., LLC, No. 2:19-cv-090, 2020 WL 3578362, at *1 (S.D. Ga. July 1, 2020) (citing Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)); see also Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (holding default judgment is merited only "when there is a sufficient basis in the pleadings for the judgment entered" (internal quotation marks and citation omitted)).

2. Analysis

Plaintiff claims Defendants defaulted by failing to file an answer, motion, or other responsive pleading, and such "silence constitutes a failure to defend." (Doc. 22, at 1.) Defendants contend they filed a timely answer to Plaintiff's first amended complaint on the date of the deadline, September 22, 2025. (Doc. 25, at 2-3.) Defendants also argue that Plaintiff failed to submit proof of their failure to plead or otherwise defend within the required time. (Id. at 2.) The Court agrees with Defendants that there is no basis for default based on Defendants' timely filed answer to Plaintiff's amended complaint. Therefore, the Court finds Defendants are not in default, and default judgment is not appropriate, because Defendants filed an answer before the

8

deadline passed. (See Doc. 20.) Accordingly, Plaintiff's motion for entry of default (Doc. 22) and motion for default judgment (Doc. 23) are **DENIED**.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for protective order (Doc. 17), motion for summary judgment (Doc. 19), motion for entry of default, (Doc. 22), and motion for default judgment (Doc. 23) are **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of November, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA