# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| TAMEKA WALKER,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY MICHAEL MORTON;<br>DEPUTY JOSEPH HAWKINS;<br>CORPORAL BRYAN MEALING;<br>CORPORAL LESLIE GAITER; and<br>SHERIFF EUGENE BRANTLEY,<br><br>Defendants. | Civil Action File No.: 1:25-CV-00100<br><br>**DECLARATION OF CORPORAL BRYAN MEALING** |

1. My name is Bryan Mealing. I am over the age of 21 and am competent to provide this Declaration. I make this Declaration based upon my own personal knowledge and for all purposes allowed by law.

2. I have been employed by the Sheriff of Richmond County as a Deputy Sheriff since 2009. In September of 2023, I was a Corporal in the Special Operations Division of the Richmond County Sheriff's Office.

3. On September 13, 2023, I arrived at Windsor Spring Road near its intersection with Tobacco Road to assist Deputy Morton, who had initiated a traffic stop on the vehicle being driven by the plaintiff, Tameka Walker.

4. While Deputy Morton was performing a records check and verifying plaintiff's information, I observed Deputy Hawkins deploy his K-9 narcotics detection dog to perform an open air sniff.

5. The K-9 alerted on the right side of the plaintiff's vehicle.

6. Plaintiff's race played no role in any decision I made during this encounter. At no time during my interaction with plaintiff did I consider her race in deciding how to conduct or whether to continue the investigation or subsequent search.

7. My decisions during the encounter were based solely on the circumstances I observed, the information available to me at the time, my training and experience, and my law enforcement responsibilities.

8. During the encounter, I made a comment regarding plaintiff's demeanor, including that she appeared angry. That observation was based solely on plaintiff's facial expression, tone, demeanor and conduct during the investigation. My comment was not based on plaintiff's race, and I did not intend it as a reference to plaintiff's race or any racial characteristic.

9. I do not use race as a factor in deciding whether to stop, detain, investigate or search an individual. I have never been trained or instructed to consider race when making law enforcement decisions, except where race may be part of a specific suspect description provided for legitimate investigative purposes.

10. I did not have any evidence or information before me that would suggest that my actions or the actions of Deputies Hawkins, Mealing or Gaiter would violate any of the plaintiff's constitutional rights.

11. Attached as Exhibit "1" is a true and correct copy of body camera footage taken by me during the traffic stop of the plaintiff, during my time on Windsor Springs Road, and up until the time I completed my duties there.

12. All of my actions with respect to the plaintiff on September 23, 2023 and all of my actions that are detailed in Exhibit "1" were carried out in the performance of my normal job duties as a Deputy with the Richmond County Sheriff's Office and were within the discretionary

authority delegated to me by my employer, Richard Roundtree, who was the Sheriff of Richmond County at the time.

13. I do not have any evidence or information before me that would suggest that my actions or the actions of any other officer with the Richmond County Sheriff's Office or Sheriff Brantley violated any of the plaintiff's constitutional rights.

14. I did not have any malice, personal animus, ill will, or spite toward the plaintiff.

15. I declare, certify, verify, and state under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of July, 2026.

Bryan Mealing

# EXHIBIT 1
# VIDEO
# (ON THUMB DRIVE)