# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| TAMEKA WALKER,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY MICHAEL MORTON;<br>DEPUTY JOSEPH HAWKINS;<br>CORPORAL BRYAN MEALING;<br>CORPORAL LESLIE GAITER; and<br>SHERIFF EUGENE BRANTLEY,<br><br>Defendants. | ) Civil Action File No.: 1:25-CV-00100<br><br><br><br><br><br>) **DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

NOW COMES defendants Deputy Michael Morton; Deputy Joseph Hawkins, Corporal Bryan Mealing, Corporal Leslie Gaiter and Sheriff Eugene Brantley (the "Defendants"), and request that the Plaintiff Tameka Walker ("Plaintiff") produce, in accordance with Fed. R. Civ. P. 34, the following documents and requested items within the time required by law from the date of service at the offices of Hull Barrett, PC, 801 Broad Street, 7th Floor, Truist Bank Building, Augusta, Georgia 30901, or at some other suitable time and place agreed upon between the parties and permit the party making the request to inspect and copy the documents listed on Exhibit "A" attached hereto.

DEFINITIONS

Within this Request for Production of Documents, the following definitions shall apply:

A. When used in these requests, any reference to "you," "plaintiff," "Tameka Walker" or any synonym thereof is intended and shall embrace and include, in addition to plaintiff Tamela

Walker, all agents, servants, employees, representatives, private investigators and others who are in possession of, or who may have obtained information, in whole or in part, for or on behalf of plaintiff Tameka Walker.

B. The term "document" shall mean the original and all nonidentical copies of any handwritten, printed, typed or other graphic or photographic material of any kind and nature, including all drafts thereof and all mechanical or electronic sound recordings or transcripts thereof, however produced or reproduced, including, but not limited to, agreements, appointment books, blogs, calendars, checks, computer generated information, computer programming materials, contracts, correspondence, date books, diaries, electronic, mechanical or electric records or representations of any kind (including, but not limited to, telephones, tapes, cassettes, mag cards, discs and recordings), e-mails, graphic or aural records or representations of any kind (including, but not limited to, photographs, charts, graphs, microfiche and microfilm), guidelines, instructions, invoices, letters, manuals, maps, memoranda, minutes, notes, pamphlets, payments, postings or comments on any social media or internet site (including, but not limited to Facebook, X, Instagram, Pinterest, MySpace, Snap Chat, Google+, Linked In, You Tube, Tumblr and Flickr), receipts, records, reports, statements, statistics, studies, summaries, telegraphs and telexes.

C. The terms “and” and “or” shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

D. The use of the singular form of any word includes the plural and vice versa.

E. The term “relating to” shall mean mentioning, describing, referring to, containing, enumerating, evidencing, constituting or in any way concerning, in whole or in part, directly or indirectly.

INSTRUCTIONS FOR RESPONSE TO
REQUESTS FOR PRODUCTION OF DOCUMENTS

A. If you have possession, custody or control of the originals of the documents requested, then the originals and all non-identical copies shall be produced; if you do not have possession, custody or control of the originals of the documents requested, then one identical copy of each original and any and all non-identical copies of each original shall be produced.

B. If any document is withheld under any claim of privilege, each such document for which a privilege is claimed shall be identified by providing the following information: date, sender, recipients, recipients of copies, the subject matter of such documents and the basis upon which such privilege is claimed.

C. This request for production of documents shall be continuing to the full extent permitted under the applicable provisions of the Federal Rules of Civil Procedure.

D. All documents produced pursuant to this request shall be (1) organized and labeled to correspond to the separate numbered requests, or (2) produced as they are kept in the usual course of business, if they are still so kept.

E. All definitions set forth herein shall be carefully regarded.

This 12th day of March, 2026.

*/s/ Davis A. Dunaway*
DAVIS A. DUNAWAY
Georgia Bar No. 232902
*Attorney for Defendants*

HULL BARRETT, P.C.
801 Broad Street, 7th Floor
Augusta, GA 30901
(706) 722-4481 (Telephone)
ddunaway@hullbarrett.com

**EXHIBIT "A"**

1. All documents and other tangible things which constitute evidence of any fact or circumstance upon which you base any claim asserted by you in this case, including but not limited to any internet article or story regarding Deputy Hawkins referenced in Plaintiff's deposition, or any other defendant in this lawsuit.

2. All documents identified by you in your Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing **Defendants' First Request for Production of Documents to Plaintiff** was served upon Plaintiff by placing same in United States First-Class Mail, postage prepaid, and/or electronic mail as follows:

Tameka Walker
2301 Summit Court
Augusta, Georgia 30906
walkertameka70@gmail.com

This 12th day of March, 2026.

*/s/ Davis A. Dunaway*
DAVIS A. DUNAWAY
Georgia Bar No. 232902
*Attorney for Defendants*

HULL BARRETT, P.C.
801 Broad Street, 7th Floor
Augusta, GA 30901
(706) 722-4481 (Telephone)
ddunaway@hullbarrett.com