IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AUG - 5 2026

FILED

**TAMEKA WALKER,**

*Plaintiff,*

v.

**DEPUTY MICHAEL MORTON, et al.,**

*Defendants.*

**Civil Action File No.: 1:25-CV-00100**

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff Tameka Walker, proceeding *pro se*, and respectfully submits this Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (Doc. 46). Because genuine disputes of material fact exist regarding the unlawful prolongation of the traffic stop, the validity of the K-9 alert, and the integrity of the evidence, Defendants are not entitled to judgment as a matter of law.

# I. STATEMENT OF MATERIAL FACTS IN DISPUTE

On September 13, 2023, Defendant Deputy Michael Morton initiated a traffic stop on Plaintiff's vehicle alleging excessive window tint. While Defendants contend that the open-air K-9 sniff occurred within two minutes during routine background checks, video timestamps and objective evidence show a triable issue of fact regarding whether the stop was unlawfully prolonged to facilitate the arrival and deployment of K-9 Gajes.

Furthermore, significant reporting contradictions exist on the face of Defendants' own records:

- Defendant K-9 Deputy Joseph Hawkins recorded the recovered marijuana weight as **10 grams** in his official Canine Incident Report.

- Defendant Deputy Michael Morton recorded the recovered marijuana weight as "**approx 20 grams**" in his official Case Report and Chain of Custody paperwork.

- Defendant Morton relied exclusively on an unverified consumer website (*Drugs.com*) to visually identify pills as oxycodone to support felony charges.

These material inconsistencies directly challenge officer credibility, evidence integrity, and the existence of genuine probable cause.

# II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where credibility, timing, and officer intent are at issue, summary judgment must be denied.

# III. ARGUMENT AND CITATION TO AUTHORITY

## A. Genuine Disputes of Material Fact Exist Regarding Unlawful Extension of the Stop Under *Rodriguez v. United States*

Under the Fourth Amendment, a traffic stop becomes unlawful if it is prolonged beyond the time reasonably required to complete the mission of issuing a ticket or warning. *Rodriguez v. United States*, 575 U.S. 348, 354–55 (2015). Conducting a K-9 sniff is not an ordinary inquiry incident to a traffic stop. *Id.*

Defendants cite *United States v. Braddy*, 11 F.4th 1298 (11th Cir. 2021), arguing the sniff occurred during routine checks. However, video evidence (Exhibits G & H) demonstrates that Defendant Morton paused his routine administrative duties to allow Defendant Hawkins to execute the K-9 search. Whether officer inquiries were diligently pursued or artificially delayed is a question of fact for the jury, precluding summary judgment on Plaintiff's Fourth Amendment claim.

## B. Contradictory Evidence and Unverified Pill Identifications Defeat Probable Cause and Support Malicious Prosecution

Probable cause requires reasonably trustworthy information sufficient to warrant a prudent person in believing a crime was committed. *Beck v. Ohio*, 379 U.S. 89, 91 (1964).

1. **Contraband Discrepancy:** The direct conflict between Defendant Hawkins' K-9 report (10g) and Defendant Morton's case/chain-of-custody reports (20g) creates a genuine issue of material fact regarding post-arrest evidence handling and report falsification.

2. **Unverified Pill Identification:** Defendant Morton's visual matching of suspected oxycodone via *Drugs.com* without laboratory verification does not establish arguable probable cause as a matter of law.

These contradictions raise triable issues regarding whether criminal proceedings were initiated with reckless disregard for the truth, supporting Plaintiff's Fourth Amendment malicious prosecution claim.

## C. Defendants Are Not Entitled to Qualified Immunity or Official Immunity

Qualified immunity shields officers only when their conduct does not violate clearly established statutory or constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

It was clearly established at the time of this stop that:

1. Officers may not extend a traffic stop for a K-9 sniff without reasonable suspicion (*Rodriguez*, 575 U.S. at 355).

2. Fabricating evidence or submitting conflicting criminal reports violates Fourth Amendment guarantees.

Because the underlying facts regarding stop extension, K-9 alert validity, and report accuracy are sharply disputed; immunity cannot be granted at the summary judgment stage.

## D. Official-Capacity Claims Against Sheriff Brantley Present Triable Issues

The systematic practice of relying on unverified internet databases for felony drug arrests, combined with unaddressed contradictions in official evidence logging, demonstrates a failure in training and supervision under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

# IV. CONCLUSION

For the foregoing reasons, Plaintiff Tameka Walker respectfully requests that Defendants' Motion for Summary Judgment (Doc. 46) be **DENIED** in its entirety, allowing this matter to proceed to trial.

Respectfully submitted this 5th day of August 2026.

/s/ Tameka L. Walker

**Tameka L. Walker, Plaintiff pro se**

407 Woodhazel Way

Hephzibah, GA 30815

Email: Walkertameka70@gmail.com

Phone: (706) 830-9938

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a true and correct copy of the foregoing **Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment** upon counsel of record for Defendants by electronic mail and hand delivery to:

Davis A. Dunaway

Hull Barrett, P.C.

801 Broad Street, 7th Floor

Augusta, GA 30901

Email: ddunaway@hullbarrett.com

Date: August 5, 2026

/s/ Tameka L. Walker

Tameka L. Walker, Plaintiff pro se