IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| TAMEKA WALKER, | ) | Civil Action File No.: 1:25-CV-00100 |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS' REPLY BRIEF IN** |
| v. | ) | **SUPPORT OF DEFENDANTS' MOTION** |
| | ) | **FOR SUMMARY JUDGMENT** |
| DEPUTY MICHAEL MORTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

NOW COME Defendants Michael Morton, Joseph Hawkins, Bryan Mealing, Leslie Gaiter, and Sheriff Eugene Brantley ("Defendants"), and file this Reply Brief in Support of their Motion for Summary Judgment. (Docs. 46 and 47.) In this Reply Brief, the Defendants address certain arguments raised by the plaintiff in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment. (Doc. 52.)

## I. INTRODUCTION

Of the numerous grounds for summary judgment raised in Defendants' Motion for Summary Judgment and Memorandum of Law in Support thereof (Docs. 46 and 47), Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (Doc. 52) only addresses four. Plaintiff has abandoned her Fourteenth Amendment Equal Protection claim, her state-law intentional infliction of emotional distress claim, her punitive damages claim, and her claims against Deputy Gaiter. As to the claims she does address, her own sworn deposition testimony forecloses the very disputes she attempts to raise. Moreover, Plaintiff did not file a response to Defendants' Statement of Undisputed Material Facts. Under this Court's Local Rule 56.1, those facts are deemed admitted.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Plaintiff Concedes the Arguments She Failed to Address.

Under binding Eleventh Circuit law, a party's failure to respond to an argument raised in a summary judgment motion results in abandonment of the claim. *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc); *Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir. 2009). Plaintiff's opposition is silent on each of the following:

(1) The lawfulness of the initial traffic stop for the window-tint violation—Plaintiff admitted the 17% reading, has no documentation the tint complied with Georgia law, and offered no challenge (Doc. 47, Exh. "A" - Dep. of Plaintiff, pp. 16–18); (2) the entire Fourteenth Amendment Equal Protection/race-based claim—the opposition says nothing about race, discriminatory purpose or effect, a comparator, or Corporal Mealing's remark; (3) Deputy Gaiter's entitlement to summary judgment for lack of any causal connection—his name appears nowhere on the chain of custody, and he prepared no report (Doc. 47, Exh. "E" – Decl. of Gaiter ¶¶ 4–5); (4) the state-law intentional infliction of emotional distress claim; (5) The punitive damages claim; (6) the K-9 certification—Plaintiff conceded Hawkins and Gajes were certified and has no contrary evidence (Doc. 47, Exh. "A" - Dep. of Plaintiff, pp. 49–50); and (7) The absence of "actual malice" required to pierce Georgia official immunity on the state malicious-prosecution claim. These claims are thus abandoned and summary judgment is due as a matter of law.

### B. Plaintiff's Own Sworn Testimony Defeats Her Prolongation Argument.

Plaintiff's opposition asserts that the traffic stop was unlawfully prolonged under *Rodriguez v. United States*, 575 U.S. 348 (2015). (Doc. 52, p. 2) The controlling question is whether the sniff added time to the stop. *Id.* at 354–55; *United States v. Braddy*, 11 F.4th 1298,

1311–12 (11th Cir. 2021); *United States v. Jones*, 2026 U.S. App. LEXIS 17402, at *5–6 (11th Cir. June 16, 2026). Plaintiff's own deposition conclusively establishes it did not:

Plaintiff testified that the traffic stop was not delayed, that the officers almost came together, arriving on the scene within seconds of each other and the traffic stop, and that the K-9 sniff was less than two minutes after the initiation of the traffic stop (Doc. 47, Exh. "A" - Dep. of Plaintiff, pp. 19-20, 42); that Morton was in his patrol car with her license when the K-9 arrived and performed the sniff (*Id*. at pp. 20–22, 42); that Morton had not returned her license, given her a citation, or told her she was free to leave before the sniff (*Id*. at pp. 20-22); and that she had no response for anything the officers did to prolong the stop (*Id*. at p. 61.) These admissions foreclose any genuine dispute.

Plaintiff's attempted reliance on video is unavailing, and a bare assertion cannot create a genuine dispute that contradicts her own sworn admissions. The video shows, and Morton affirmed, that he was in his patrol car running Plaintiff's license, registration and insurance information when the K-9 sniff occurred. (Doc. 47, Exh. "A" - Dep. of Plaintiff, pp. 41-43; Exh. "B", Decl. of Morton ¶ 4.) There is simply no evidence before the Court of any prolongation of the traffic stop. To the contrary, the uncontroverted evidence establishes that the K-9 sniff occurred while Officer Morton was conducting routine records checks and before he completed his investigation of the stop.

**C. The Reporting Discrepancy and Pill Identification Do Not Defeat Probable Cause.**

Plaintiff's opposition seizes on the 10-gram versus 20-gram marijuana discrepancy and Morton's use of Drugs.com to identify pills. (Doc. 52, pp. 2-3) Neither undermines probable cause. The 10-gram figure (Hawkins K-9 report) and the "approx. 20g" figure (Morton case report) both fall well below the 28.35-gram felony threshold under O.C.G.A. § 16-13-2(b); both amounts

constitute the identical misdemeanor offense; and Plaintiff was never charged with felony marijuana possession. An inadvertent reporting discrepancy that causes no charge enhancement and no constitutional injury is not actionable. *Hutchinson v. Whaley*, 333 Ga. App. 773, 777 (2015); *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010) (arguable probable cause suffices).

As to the pill identification, Drugs.com merely confirmed the deputies' training and experience based visual identification of oxycodone (Doc. 47, Exh. "B" – Decl. of Morton ¶¶ 8-9.) There is no evidence that the pills were misidentified. More fundamentally, probable cause existed independently through the methamphetamine, which field-tested positive and which Plaintiff does not dispute. (Doc. 47, Exh. "A" - Dep. of Plaintiff, p. 51.) *See Harris v. Hixon*, 102 F.4th 1120, 1126 (11th Cir. 2024) (probable cause exists if the totality of the circumstances could persuade a reasonable officer that there is a substantial chance of criminal activity by the person who is arrested). Furthermore, Plaintiff offers no evidence of malice—an essential element of her malicious prosecution claim. *Wood v. Kesler*, 323 F.3d 872, 881-82 (11th Cir. 2003).

**D. Plaintiff Cannot Overcome Qualified or Official Immunity.**

Plaintiff's opposition offers only conclusory assertions that Defendants are not entitled to immunity. (Doc. 52, p. 3) As no constitutional violation occurred, the analysis ends at step one: the individual Defendants are entitled to qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Rushing v. Parker*, 599 F.3d 1263, 1265–66 (11th Cir. 2010). Even assuming a violation, Plaintiff identifies no materially similar, clearly established precedent holding this conduct unlawful—the second step that is her burden to satisfy. *Davis v. Waller*, 44 F.4th 1305, 1312–13 (11th Cir. 2022).

Regarding Georgia official immunity, Plaintiff supplies no evidence of "actual malice"—a deliberate intention to do wrong—required to pierce immunity for discretionary acts. *Adams v. Hazelwood*, 271 Ga. 414, 414–15 (1999); *Kidd v. Coates*, 271 Ga. 33, 33 (1999). Further, Plaintiff admitted that the deputies bore her no grudge or ill will and that she has no evidence of malice. (Doc. 47, Exh. "A" - Dep. of Plaintiff, pp. 27–28.) As such, Defendants are entitled to not only qualified immunity, but also official immunity on Plaintiff's state law claims.

**E. The Official-Capacity Claim Against Sheriff Brantley Fails.**

Plaintiff's opposition asserts a "systematic practice" of relying on unverified internet databases and unaddressed contradictions in the logging of evidence, citing *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). (Doc. 52, pp. 3-4.) However, a *Monell* claim requires an underlying constitutional violation and a persistent, widespread custom—not an isolated incident. *Church v. City of Huntsville*, 30 F.3d 1332, 1345 (11th Cir. 1994). Plaintiff's "systematic practice" assertion rests entirely on this single incident. She admitted she knows of no other instances of alleged misidentification of drugs, produced no pattern evidence, could not produce the one internet article she referenced or provide any information related to the supposed article, and has no evidence the Sheriff knew of the alleged conduct. (Doc. 47, Exh. "A" - Dep. of Plaintiff, pp. 58–60, 62–63.) A single incident cannot establish a municipal custom or practice, and Plaintiff's claim fails as a matter of law.

## III. CONCLUSION

For the detailed reasons set forth in the Memorandum of Law in Support of Defendants' Motion for Summary Judgment (Doc. 47) and in this Reply Brief, Defendants are entitled to summary judgment on all of plaintiff's claims.

This 19th day of August, 2026.

*/s/ Davis A. Dunaway*
Davis A. Dunaway
Georgia Bar Number: 232092
Hull Barrett, PC
Post Office Box 1564
Augusta, Georgia 30903-1564
(706) 722-4481 (telephone)
ddunaway@hullbarrett.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing **Reply Brief in Support of Defendants' Motion for Summary Judgment** with the Clerk of Court using the NextGen CM/ECF system and served upon the plaintiff, pro se, by email and by depositing a copy of same in the United States Mail with proper postage affixed thereto to ensure proper delivery to the following:

Ms. Tameka L. Walker
407 Woodhazel Way
Hephzibah, Georgia 30815
Walkertameka70@gmail.com

This 19th day of August, 2026.

*/s/ Davis A. Dunaway*
Davis A. Dunaway