**EXHIBIT A**

PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' REPLY BRIEF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

TAMEKA L. WALKER,
Plaintiff,

v.

DEPUTY MICHAEL MORTON, et al.,
Defendants.

Civil Action No. 1:25-cv-00100-JRH

---

PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' REPLY BRIEF

Plaintiff Tameka L. Walker, proceeding pro se, submits this Sur-Reply to address new arguments, new factual assertions, and mischaracterizations raised for the first time in Defendants' Reply Brief (Doc. 53). This Sur-Reply is limited to those issues that Defendants improperly introduced at the reply stage and which materially affect the Court's summary-judgment analysis.

---

I. Defendants' "Abandonment" Argument Is Incorrect and Improperly Raised for the First Time

Defendants' Reply asserts that Plaintiff "abandoned" several claims—including Equal Protection, IIED, punitive damages, claims against Deputy Gaiter, challenges to the initial stop, and K-9 certification. This argument was not raised in Defendants' opening brief and is therefore improper at the reply stage.

More importantly, the argument is factually incorrect. Plaintiff's Opposition brief addressed each of these claims and cited record evidence supporting them. Defendants' attempt to reframe Plaintiff's arguments as "abandonment" is a mischaracterization that cannot support summary judgment.

---

II. Defendants Mischaracterize Plaintiff's Deposition Testimony Regarding Prolongation of the Stop

Defendants' Reply selectively quotes Plaintiff's deposition to claim she "conceded" the stop was not prolonged. This is inaccurate and contradicted by the full record.

Plaintiff testified to her perception of the officers arriving close in time, but she did not testify that the stop was constitutionally permissible or that the K-9 deployment occurred within the time reasonably necessary to complete the traffic infraction.

The body-worn camera footage, which Defendants ignore in their Reply, shows:

- Deputy Morton completed the traffic-related tasks before the K-9 sniff occurred.
- Plaintiff remained detained without citation, warning, or return of her license.
- The K-9 unit was deployed after the traffic investigation should have ended.

Under Rodriguez v. United States, 575 U.S. 348 (2015), prolongation occurs when officers extend a stop beyond the time reasonably required to complete the traffic mission. The video evidence creates a clear factual dispute that cannot be resolved on summary judgment.

Defendants' selective reading of Plaintiff's deposition cannot override objective video evidence. See Scott v. Harris, 550 U.S. 372, 380 (2007).

---

III. Defendants' New "No Evidence of Malice" Argument Misstates Georgia Law and the Record

Defendants argue for the first time that Plaintiff "admitted" deputies bore her no ill will, and therefore official immunity applies. This argument was not raised in their opening brief and is improper.

It is also legally incorrect. Georgia's official immunity doctrine does not require personal hostility. "Actual malice" means a deliberate intention to do wrong. Murphy v. Bajjani, 282 Ga. 197, 200 (2007). The body-worn camera footage, the inconsistent reports, and the manner of the detention create a factual dispute regarding whether deputies acted with the deliberate intent to violate Plaintiff's rights. Defendants' new argument cannot support summary judgment.

---

IV. Defendants' New Monell Arguments Misstate the Standard and the Record

Defendants' Reply introduces new factual assertions regarding:

- Plaintiff's alleged inability to produce an article,

- Plaintiff's alleged lack of knowledge of other incidents, and
- Plaintiff's alleged failure to establish a pattern.

These assertions were not raised in the opening brief and cannot be considered now.

Further, Plaintiff's Monell claim is based on the Sheriff's Office's failure to train and supervise deputies regarding lawful traffic stops, evidence handling, and K-9 deployments. A single incident can establish deliberate indifference when the need for training is obvious. City of Canton v. Harris, 489 U.S. 378, 390 (1989).

The record—including the video, inconsistent drug reporting, pill identification practices, and chain-of-custody issues—creates a factual dispute regarding inadequate training and supervision.

---

V. Defendants' Reply Cannot Cure the Factual Disputes Already Established

Defendants' Reply attempts to recast factual disputes as "concessions." The record shows:

- Conflicting drug weights (10g vs. "approx. 20g").
- Reliance on Drugs.com for pill identification.
- A field test that Plaintiff disputes.
- A K-9 deployment without reasonable suspicion.
- A stop extended beyond the traffic mission.
- Inconsistent officer reports.
- A chain-of-custody discrepancy.

These disputes must be resolved by a jury, not on summary judgment. See Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).

---

VI. Conclusion

Defendants' Reply introduces new arguments, new factual assertions, and mischaracterizations that Plaintiff had no opportunity to address. This Sur-Reply corrects the record and highlights the genuine disputes of material fact that preclude summary judgment.

Plaintiff respectfully requests that the Court deny Defendants' Motion for Summary Judgment.

Respectfully submitted,
This 28th day of August, 2026.

/s/ Tameka L. Walker
Plaintiff, Pro Se
2301 Summit Court
Augusta, Georgia, 30906
Walkertameka70@gmail.com
(706) 830-9938